(No. 44407.– ▇▇▇▇▇▇▇▇▇

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ALFRED SMITH, JR., Appellant.

*Opinion filed January 31, 1974.*

Paul Bradley and Gordon Berry, Appellate Defenders, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and James S. Veldman, Assistant State's Attorney, and Bernard Armel (Senior Law Student), of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, the defendant, Alfred Smith, Jr., was found guilty of murder and burglary. On this appeal he contends (1) that the trial court erred in receiving his confession in evidence, (2) that he was not proved guilty beyond a reasonable doubt, and (3) that the felony-murder rule was improperly applied in this case.

Judy Tolbert, the decedent, lived in the third-floor rear of a six-flat building. About 2:30 A.M. on October 8, 1970, Sharon Lightfoot, who lived in a first-floor front apartment, heard dogs barking. She then heard glass breaking and screams. She telephoned to Marion Watkins, who lived in the other third-floor apartment, and also to the police. Watkins saw that the door to Mrs. Tolbert's apartment was open, and when there was no response to his call, he ran downstairs, followed shortly by his father. He ran to Mrs. Tolbert, who was leaning on a gate near the building. She was bleeding. He heard a knocking on the back porch of a first-floor rear apartment. The knocking ceased when the defendant walked toward him. The defendant denied that he had bothered Mrs. Tolbert and said that he was only trying to help.

Mrs. Tolbert was taken into the Lightfoot apartment. Her mother-in-law testified that when she arrived there Judy was lying on a couch. She asked Judy what had happened, and she said that she awakened and saw a man she didn't know standing at the door who told her to put the pillow over her head; that she did so, and then she took it off; that the man told her to put it back, he was going to kill her, and that the man tried to kill her and she jumped out of the window because she didn't want to die. Police officers brought the defendant into the apartment, and asked her if this was the man. She answered that she was unable to see him. One of her eyes was swollen shut, and she had suffered a skull fracture.

She was taken to a hospital. Before she died the defendant was brought into the room on two different occasions. The testimony of police officers that she there identified the defendant as her attacker was excluded, apparently on the ground that what she said did not qualify either as a spontaneous exclamation or as a dying declaration.

We find it unnecessary to analyze closely the evidence that circumstantially indicates the defendant's guilt, for his guilt was fully established by his confession if it was properly received in evidence. He contends that it should have been excluded, first because it was made before he had an opportunity to consult with his father, and hence was not shown to have been voluntary, and second because the assistant State's Attorney who took the written confession was not called to testify at the hearing on the motion to suppress. In our opinion neither contention is sound.

At the scene of the crime, and for a considerable time thereafter, the defendant said that he had come upon Judy Tolbert while he was taking a short cut through an alley to his home. She was bleeding and walking away from the building in which she lived. His position at that time was that he had tried to help her and that, after suspicion attached to him, he remained at the scene voluntarily.

He was first charged with the offense of aggravated battery at the hospital at about 5:30 A.M. He was given full *Miranda* warnings on several occasions and he does not contend that he ever requested an attorney. It is, however, contended that the confession was involuntary because he was 19 years old, and had not had "the advice and counsel of his father, whom he relied upon to secure an attorney." He had telephoned his father about 7:00 A.M., told him that he was in police custody and requested him to provide bail. His father testified that he arrived at the police station at approximately 8:30 A.M. and was told that he could not post bond until 1:00 P.M. because the investiga-

tion was continuing. After Judy Tolbert died, the defendant was charged with murder, a nonbailable offense, and his father was so informed when he returned to the station at 1:00 P.M. The defendant did not ask to see his father until after he had made an oral confession at about 6:30 P.M., and it is undisputed that the officers attempted to reach him by telephone, but were unable to do so immediately. As a result of their efforts, however, the defendant's father arrived about 8:00 P.M. while the written confession was being taken by an assistant State's Attorney. He was not allowed to talk to the defendant until that statement was completed. In our opinion the absence of the defendant's father did not render his confession involuntary.

The defendant's testimony that before he confessed one of the officers told him that if he did not give a statement he "would be taken downstairs" was denied by the officers, as was his testimony that one of the officers told him that a confession could not be used against him unless he signed it. The defendant's father testified that his son did not complain about the way the police had treated him.

The defendant also contends that his conviction must be reversed because the assistant State's Attorney who took his confession did not testify at the pretrial hearing on the motion to suppress. In *People v. Armstrong* (1972), 51 Ill.2d 471, 475-76, we reiterated our long-standing rule that "when the voluntary nature of a confession is brought into question by a motion to suppress, the State must produce all material witnesses connected with the taking of the statements or explain their absence."

In this case, however, the assistant State's Attorney questioned the defendant only in the presence of a court reporter and a detective, both of whom testified at the pretrial hearing. The entire interrogation was recorded and transcribed. The defendant does not allege that any

coercion or improper behavior of any kind occurred in the presence of the assistant State's Attorney. The purpose of the rule upon which the defendant relies was to safeguard against improperly induced confessions, and not to require an empty exercise. In this case when the defendant stipulated at the trial that the testimony of the assistant State's Attorney as to the taking of the confession would be the same as that of the court reporter, it became obvious that he was not a material witness within the meaning of the rule.

With respect to the defendant's contention that his conduct did not show him to be guilty of murder, section 9—1 of the Criminal Code provides:

> "(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:
>
> * * *
>
> (3) he is attempting or committing a forcible felony other than voluntary manslaughter." Ill. Rev. Stat. 1969, ch. 38, par. 9—1.

The defendant contends that this provision is not applicable to this case, in which the evidence shows, at most, that "the deceased, unprovoked by the defendant in the commission of a burglary, jumped to her death."

Burglary is a forcible felony (Ill. Rev. Stat. 1969, ch. 38, par. 2—8), and we do not agree that the conduct of the deceased was unprovoked by the defendant. As pointed out by the committee which drafted the Criminal Code, "It is immaterial whether the killing in such a case is unintentional or accidental ***." (Proposed Ill. Rev. Crim. Code of 1961, "Committee Comments", p. 219.) So it was said in *People v. Payne* (1935), 359 Ill. 246, 255, "It reasonably might be anticipated that an attempted robbery would meet with resistance, during which the victim might be shot either by himself or someone else in attempting to prevent the robbery, and those attempting to perpetrate the robbery would be guilty of murder." It is unimportant

that the defendant did not anticipate the precise sequence of events that followed upon his entry into the apartment of Judy Tolbert. His unlawful acts precipitated those events, and he is responsible for the consequences.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*