UNITED STATES ex rel. Anthony R. ROCK, Petitioner,

v.

Warden T. E. PINKEY, Illinois State Penitentiary, Pontiac, Illinois, Respondent.

No. 76 C 4246.

United States District Court, N. D. Illinois, E. D.

April 15, 1977.

Irwin L. Frazin, Frazin & Frazin, Chicago, Ill., for petitioner.

Dale M. Bennett, Asst. Atty. Gen., William J. Scott, Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus for failure to state a claim upon which relief can be granted or in the alternative for summary judgment. For the reasons hereinafter stated, the motion shall be granted.

*Background*

There is no dispute as to the facts and they are fully set forth in, *inter alia*, an Illinois Supreme Court opinion. *People v. Hickman*, 59 Ill.2d 89, 319 N.E.2d 511 (1974). Briefly, they are as follows:

Petitioner and two accomplices, one of whom was armed, were attempting to escape from the scene of a burglary. One of the pursuing officers mistakenly shot and killed another officer, Detective Loscheider, believing that officer to be one of the escaping burglars. After a jury trial, petitioner was found guilty of murder, burglary, and criminal damage to property. He was sentenced to a term of imprisonment of one year to one year and one day on the burglary charge. The trial court entered an order arresting the judgment of murder against petitioner and a co-defendant. The State appealed the arrest of judgment on the murder verdict and the Appellate Court for the Third District reversed. *People v. Hickman*, 12 Ill.App.3d 412, 297 N.E.2d 582 (3d Dist. 1973). Petitioner appealed the appellate court's decision, arguing that it had erroneously interpreted the felony-murder statute.[1] The Illinois Supreme Court affirmed the judgment of the appellate

---

1. The Illinois felony-murder statute, Ill.Rev. Stat. ch. 38, § 9–1(..)(3), provides as follows:

(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

. . . . .

(3) He is attempting or committing a forcible felony other than voluntary manslaughter.

.

court and remanded the cause to the trial court. On remand, the trial court sentenced petitioner to a term of imprisonment of 14 years to 14 years and one day. Petitioner's petition for certiorari was denied. *Hickman et al. v. Illinois*, 421 U.S. 913, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975).

On November 16, 1976, petitioner filed in this court a *pro se* application for a writ of habeas corpus alleging that his murder conviction under the Illinois felony-murder rule violated his Fourteenth Amendment rights to due process of law and equal protection. He also alleged that he was placed in double jeopardy. Finally, he claimed that he was subjected to cruel and unusual punishment.

On January 25, 1977, respondent submitted a motion to dismiss or for summary judgment. Subsequent thereto, petitioner retained counsel and moved for leave to file an amended petition. Leave was granted on February 14, 1977, respondent was given time to show cause, and petitioner was given time to answer respondent's pleading. On February 25, 1977, what purports to be an amended petition for a writ of habeas corpus was filed, however, its true nature appears to be more of a brief. The amended petition does not allege that petitioner was denied equal protection or that he was subjected to cruel and unusual punishment. On March 2, 1977, respondent submitted a response to the amended petition and incorporated by reference the motion to dismiss or for summary judgment previously filed with this court. Petitioner has not filed any papers in answer thereto.

### Waiver/Exhaustion

■■ Initially, the court must deal with respondent's argument that petitioner has waived the right to present the constitutional issues pressed here because he did not raise them in the state courts. It is certainly not the law, as respondent seems to suggest, that the mere failure to raise an issue in state court bars its consideration by a federal court in habeas corpus proceedings. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *United States ex rel.*

*Williams v. Brantley*, 502 F.2d 1383 (7th Cir. 1974). A claim will not be deemed waived for purposes of federal habeas corpus relief in the absence of a deliberately tactical decision to forego such claim. *United States ex rel. Williams v. Brantley, supra* at 1386–87. Respondent has not argued or shown that any such tactical maneuvers were involved in this case. While the court could fathom reasons why the constitutional claims were not raised in the state courts, such speculation is insufficient to warrant a conclusion that there has been a deliberate by-pass of state remedies barring collateral federal attack. *Fay v. Noia, supra* at 438–40, 83 S.Ct. 822.

Respondent also relies on *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), where the Supreme Court held that the substance of a federal habeas corpus claim must first be presented to the state courts. Respondent apparently argues that petitioner has failed to exhaust his state remedies since the state courts in this case were not presented with the claims now urged.

■■ At first glance this argument is appealing, however, it cannot withstand analysis. The exhaustion requirements of 28 U.S.C. §§ 2254(b), (c) "are limited in their application to those state remedies still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516, 92 S.Ct. 1048, 1055, 31 L.Ed.2d 394 (1972). In *Picard v. Connor, supra* at 272 n. 3, 92 S.Ct. 509, 30 L.Ed.2d 438, the habeas petitioner still had available state (post-conviction) judicial remedies through which he could present his constitutional claim. In the case at bar, however, petitioner has an ineffective post-conviction remedy under Illinois law. *See United States ex rel. Williams v. Brantley, supra* at 1385–86; *United States ex rel. Brown v. Warden, Pontiac State Correctional Center*, 417 F.Supp. 970, 971 n. 1 (N.D.Ill.1976); *United States ex rel. Hubbard v. Cannon*, 403 F.Supp. 675, 676–77 (N.D.Ill.1975). A federal petition should be dismissed for failure to exhaust post-conviction remedies only if there is di-

rect precedent indicating that such relief is available. *United States ex rel. Williams v. Brantley, supra* at 1386. The court has been unable to find a precedent applicable to the circumstances of this case. Accordingly, it concludes that when petitioner filed his application in federal court he had exhausted his state remedies.

*Evidentiary Hearing Unnecessary*

■■ Petitioner concedes that the facts are not in dispute and that they are as stated in, *inter alia*, the Illinois Supreme Court's opinion. (Petitioner's Amended Petition at 2.) Petitioner asks the court to resolve questions of (constitutional) law, not questions of fact. There being no significant issue of fact bearing upon petitioner's constitutional claims, an evidentiary hearing is clearly not required. *Grundler v. State of North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960). The court has not requested production of the state record because the facts are not in dispute and because the constitutional claims urged here were not raised in or considered by the state courts. *Compare United States ex rel. Worlow v. Pate*, 411 F.2d 972 (7th Cir. 1969), *cert. denied sub nom, Lane v. Pate*, 403 U.S. 921, 91 S.Ct. 2238, 29 L.Ed. 699 (1971). Of course, this court must apply the applicable federal law. *Townsend v. Sain*, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

*Due Process*

Petitioner's argument that the Illinois Supreme Court's interpretation of the felony-murder rule deprived him of his Fourteenth Amendment right to due process of law is two-fold. First, he contends that the judicial extension of the rule in the case at bar was arbitrary and not rationally related to any state interest sought to be protected. Second, he asserts that the application of the rule violated his right to procedural due process since the statute and related decisions did not afford him sufficient notice that his conduct was proscribed.

■ Before dealing with petitioner's arguments, the court must emphasize that its role is a limited one. It is not the function of this court to determine whether, as petitioner would seem to have it determine, the Illinois Supreme Court's application of the felony-murder rule was misguided. Nor is it this court's function to strike down the state law or its application because it might find it unwise or improvident. *James v. Strange*, 407 U.S. 128, 133–34, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972). All this court must decide is whether the application of the felony-murder rule to the facts of petitioner's case violated the Due Process Clause of the Fourteenth Amendment. The court concludes that it did not.

■ Due process requires that action taken by a state bear a rational relation to a constitutionally permissible objective. *Williamson v. Lee Optical Co.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). Petitioner notes that the purpose of the Illinois felony-murder rule is to proscribe inherently dangerous activity such as forcible felonies. He even concedes that it is reasonable for a state to protect its citizens against such activity. However, petitioner argues that the Illinois Supreme Court's application of the felony-murder rule was irrational and arbitrary because he was held strictly liable for murder, regardless of any intervening act which caused the death. He argues that "to hold that the mere 'setting in motion of the total events' will support a conviction for any death that results under any circumstance, is to deny all logic and ignore the legitimate societal interest that the statute was designed to protect." (Petitioner's Amended Petition at 8.)

The answer to petitioner's argument is that the Illinois Supreme Court did not hold what petitioner says it held. *See* discussion, *infra*. Moreover, the brief which petitioner filed with the Illinois Supreme Court reveals what, in fact, that court was asked to decide. The issue posed by petitioner before the Supreme Court—and for that matter before the appellate court—was whether "the person who kills or performs the acts which cause death must be the same person or a confederate of the person who is attempting or committing a forcible felony before liability for murder can be im-

posed." (Defendants' [Petitioner's] Brief at 2.) The Illinois Supreme Court clearly saw the issue in these terms:

Defendants urge that they cannot be found guilty of felony murder under these facts, because the death of Detective Loscheider was the result of a justifiable and lawful act by another police officer who was not acting in concert with the defendants nor in furtherance of their conduct. Defendants contend that in order for the felony-murder rule to be applicable, the fatal act must be done in furtherance of the forcible felony, and it must have been done by one of the co-felons. Here the death resulted from the act of a person intervening in opposition to the felony. While this narrow interpretation is arguable, based on the wording of the felony-murder statute, it is not, in our opinion correct. *People v. Hickman, supra,* 59 Ill.2d at 92, 319 N.E.2d at 512.

The court decided the issue against petitioner in a well reasoned opinion. It did not hold him strictly liable regardless of any intervening act,[2] nor did it hold that once he admitted his participation in the burglary he had no defense to the murder charge.[3] That the court might some day so hold is of no moment here.

■ The Illinois Supreme Court held that fleeing perpetrators[4] of a forcible felony are guilty of murder when a pursuing officer is mistakenly shot and killed by a fellow officer also in pursuit of the fleeing felons.[5] This court cannot agree that the felony-murder rule as applied to petitioner bears no rational relationship to the legisla-

tive objective behind the rule. Moreover, the court has found no authority for the proposition that the application of the felony-murder rule, under circumstances such as exist here, is so irrational as to violate the Due Process Clause. That other jurisdictions might not apply the felony-murder rule as the Illinois Supreme Court did does not mean that its application was unconstitutional.

Petitioner's notice argument is not that the Illinois felony-murder statute is constitutionally infirm on its face. Rather, he contends that the application of the statute in this case violated his right to procedural due process because he was not afforded sufficient notice that his conduct would constitute murder.

It is clear that petitioner was not without notice that his conduct could result in his prosecution for murder under the Illinois felony-murder rule. In *People v. Payne,* 359 Ill. 246, 255, 194 N.E. 539, 543 (1935), the Illinois Supreme Court stated that "[i]t reasonably might be anticipated that an attempted robbery would meet with resistance, during which the victim might be shot either by himself or someone else in attempting to prevent the robbery, and those attempting to perpetrate the robbery would be guilty of murder." Hence, more than thirty years before petitioner's participation in the burglary, the Illinois Supreme Court had indicated that felons would be held liable for deaths resulting from felonies, even if the death was directly caused by the act of an innocent third party.

The 1961 Committee Comments to the felony-murder statute indicate that the leg-

---

**2.** Contrary to petitioner's assertion, it was reasonably foreseeable that an officer could be killed either by one of the felons or by a fellow officer.

**3.** Relying on *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), petitioner argues that he was further denied due process of law because the State was not required to prove a critical element of the crime of murder beyond a reasonable doubt. This argument was made and rejected in *Westberry v. Mullaney,* 406 F.Supp. 407, 415–16 (D.Me.), aff'd, 535 F.2d 1333 (1st Cir. 1976). *See also, People of Territory of Guam v. Root,* 524 F.2d 195 (9th

Cir. 1975), *cert. denied,* 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976). The court finds these cases controlling here.

**4.** Petitioner's appeal in the Illinois Supreme Court was joined by a co-felon who is not before this court.

**5.** The court also reaffirmed its prior holding that the period of time and activities involved in escaping to a place of safety are part of the crime itself. *People v. Hickman, supra,* 59 Ill.2d at 94, 319 N.E.2d at 513.

islature was aware of the position taken by the Illinois Supreme Court in *Payne, supra*:

It is immaterial whether the killing in such a case is intentional or accidental, or is committed by a confederate without the connivance of a defendant . . . or even by a third person trying to prevent the commission of the felony. S.H.A. ch. 38, § 9–1 at 9.

If the legislature had not intended for the Illinois felony-murder rule to apply to the factual situation presented by petitioner's case, surely it would have not endorsed the *Payne* reasoning but rather disclaimed it. The court finds that the Illinois Supreme Court's application of the felony-murder rule was not "so shockingly in contravention of preexisting notions and policies in the law as to call into play the protective force of the Fourteenth Amendment." *United States ex rel. Almeida v. Rundle*, 383 F.2d 421, 427 (3d Cir. 1967), *cert. denied*, 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131 (1968).

### Double Jeopardy

 As noted earlier, after the jury returned its guilty verdict, petitioner's counsel filed a motion in arrest of judgment which was granted by the trial judge. Supreme Court Rule 604(a)(1), Ill.Rev.Stat. ch. 110A, § 604(a)(1), grants the State the right to appeal an order granting a motion in arrest of judgment.[6] In Illinois there are only two grounds upon which a court may grant a motion in arrest of judgment—lack of jurisdiction and a defective indictment.[7] As there is no question that the state court had jurisdiction of petitioner's case, the only statutorily permissible basis for the trial court's granting of petitioner's motion

in arrest of judgment was that the indictment was defective.

 Petitioner, however, asserts that the trial court did not arrest judgment because there was a defective indictment. Rather, petitioner contends that the court's action was in reality an order directing a verdict of acquittal based upon the evidence adduced at trial. He asserts that the State's appeal from the court's order was improper and unconstitutional. He argues that the subsequent mandate of the Illinois Supreme Court ordering reinstatement of the murder conviction and imposition of a sentence violated his Fifth Amendment guaranty against double jeopardy and his Fourteenth Amendment right to due process of law.

Respondent submits, *inter alia*, that the order was in fact an order in arrest of judgment. He contends that petitioner's sentencing following reversal of that order did not subject him to double jeopardy or violate his right to due process of law. Respondent also asserts that the State's appeal of the trial court's ruling on the motion was proper. The court concludes that the trial court granted a motion in arrest of judgment, that the State could appeal therefrom, and that petitioner's rights under the Fifth and Fourteenth Amendments were not violated.

It is odd that petitioner now calls his motion for an arrest of judgment in reality a directed verdict. If petitioner had actually meant to move for a directed verdict, presumably he would have done so. It is abundantly clear that the three courts which heard petitioner's case referred to the order as one arresting judgment, not

---

**6.** Rule 604(a)(1) provides as follows:

In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114–1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence.

**7.** *See* Ill.Rev.Stat. ch. 38, § 116–2 which provides as follows:

(a) A written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the State.

(b) The court shall grant the motion when:

(1) The indictment, information or complaint does not charge an offense, or

(2) The court is without jurisdiction of the cause.

one directing acquittal. If the trial court had intended to enter an order directing acquittal, it would have done so.

■ Apart from what the Illinois courts called the order, it is clear that its substantive effect was dismissal of the indictment.[8] Petitioner has not alleged or shown that the motion was granted because the State had a weak case or because it had failed to prove the allegations of the indictment beyond a reasonable doubt. Rather, and as the Illinois Supreme Court noted, "the trial court entered an order arresting the judgment of murder against Hickman and Rock on the ground that in the circumstances present here the defendants *could not* be held liable, under the felony-murder doctrine". *People v. Hickman, supra*, 59 Ill.2d at 90, 319 N.E.2d at 511. (Emphasis supplied.)

The very nature of a felony-murder case and the proceedings in this case bear out that the trial judge in fact arrested the judgment. The major evidentiary issues in a felony-murder trial were easy to establish in petitioner's case and they are conceded here: whether a forcible felony was committed by the petitioner and whether there has been a death in the commission or attempted commission of the felony. Difficult issues of proof such as the intent of the petitioner to kill someone were irrelevant.[9] In light thereof, the court cannot agree that the trial judge in reality granted a directed verdict in petitioner's favor based upon the evidence adduced at trial. Rather, and as the amended petition itself reveals, the trial judge granted petitioner's motion despite the evidence. He concluded that based on the acts alleged in the indictment, even though proved beyond a reasonable doubt at trial, petitioner could not be held criminally responsible for murder.[10] It was this interpretation of Illinois law that was the crux of the appeals. When the appellate court reversed the trial court's order, it was in effect saying that the indictment was not defective, i. e., that petitioner could be held criminally responsible for felony-murder.

■ It is important to note that the State's appeal presented no threat of successive prosecutions to petitioner. It only resulted in restoration of his guilty verdict and sentencing. This is all that is required to comport with the recent pronouncements by the United States Supreme Court on the right of governmental appeal and the Double Jeopardy Clause. *United States v. Martin Linen Supply Co. et al.*, —— U.S. ——, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). The court's statement at ——, 97 S.Ct. at 1354 is applicable to the case *sub judice*:

> Further, where a government appeal presents no threat of successive prosecutions, the Double Jeopardy Clause is not offended. Thus a postverdict dismissal of an indictment after a jury rendered a guilty verdict has been held to be appealable by the United States because restoration of the guilty verdict, and not a new trial, would necessarily result if the Government prevailed.

*Equal Protection/Cruel and Unusual Punishment*

Petitioner has apparently abandoned his equal protection and "cruel and unusual" claims, since they are not mentioned in the amended petition. Even if he has not, the court finds that petitioner was not denied equal protection of the law and that he was not subjected to cruel and unusual punishment.

---

**8.** It is well settled that the State may appeal in a criminal case any order the substantive effect of which is dismissal of an indictment. *People v. Petropoulos*, 59 Ill.App.2d 298, 208 N.E.2d 323 (1st Dist.1965), aff'd, 34 Ill.2d 179, 214 N.E.2d 765 (1966). *See also* the discussion of *United States v. Martin Linen Supply Company et al., infra.*

**9.** This is not to say that felony-murder is a strict liability crime in Illinois or that petitioner was without defenses to the felony-murder charge. One of the classic defenses, which petitioner did not raise, is "coincidence." For examples of some of the available defenses to the felony-murder rule, *see e. g.*, La Fave and Scott, Criminal Law, 545 n. 1, 548 (1972).

**10.** *See* Petitioner's Amended Petition at 22, quoting from the trial court transcript at 144.

*Conclusion*

For the reasons stated, it is therefore ordered that respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus for failure to state a claim upon which relief can be granted or in the alternative for summary judgment shall be, and the same is hereby, granted and the action is dismissed.