THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN BURKE *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 79-598

Opinion filed June 17, 1980.

James J. Doherty, Public Defender, of Chicago (R. H. R. Silvertrust and John T. Moran, Jr., Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Alphonse R. Tomaso, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendants, John Burke (Burke) and Kenneth Emerson, a/k/a Kenneth Emrikson (Emerson), were charged by information with the offenses of murder and armed robbery. Defendants pleaded not guilty. After a "stipulated bench trial," in which the court made no admonitions

pursuant to Supreme Court Rule 402 governing pleas of guilty (Ill. Rev. Stat. 1977, ch. 110A, par. 402), defendants were found guilty and sentenced to terms of 14 years to 14 years and a day. On appeal they raise two issues: (1) whether the "stipulated bench trial" procedure was tantamount to the entry of pleas of guilty and therefore entitled defendants to the admonitions required by Supreme Court Rule 402; and (2) whether the felony-murder rule (Ill. Rev. Stat. 1975, ch. 38, par. 9—1(a)(3)) was properly applied.

The parties stipulated that on October 15, 1975, Nathan Rapp and Sandy Schwartz were working at Schwartz Pharmacy, located at 3059 West Montrose, Chicago. At approximately 8:55 p.m., three men entered the store. One man, a black, was armed with a sawed-off shotgun. The other two, both white, carried handguns. The three men took Rapp's wallet, cash, and narcotics.

At 9 p.m., two police officers were driving in an unmarked squad car westbound on Irving Park Road, Chicago. As they approached the intersection of Sacramento Avenue they noticed a 1970 Monte Carlo automobile stopped at the traffic signal. The driver of that car was Phillip Jones, a black. Two whites, Emerson and Burke, were passengers. The signal changed to green, the Monte Carlo turned right onto Irving Park and proceeded westbound. The car made erratic lane changes. While the officers followed the car for a couple of blocks, they received a radio message informing them of the descriptions of the robbery's perpetrators. The patrolmen activated their flashers and siren. The Monte Carlo sped away and the police began a high speed chase.

After speeding eastward for five blocks, defendants' car turned southbound on California Avenue. The car's driver ignored several red traffic signals as he continued southbound toward the intersection of Belmont and California. At that intersection the car, now traveling in excess of 80 miles per hour, passed through another red light and struck the automobile driven by Cheryl Kreiling. Thereafter the patrolmen arrived at the scene and removed defendants from their burning car. Kreiling died.

Police retraced the chase route and recovered a sawed-off shotgun and a pistol from the street. Schwartz identified the shotgun. Rapp identified his wallet which had been recovered from Burke's jacket. Defendants were charged with the murder of Kreiling and the armed robberies of Rapp and Schwartz.

Prior to trial, defendants moved to suppress evidence that Schwartz had identified the solitary dead body of Jones as that of one of the armed robbers. They claimed the presentation was so suggestive as to deny them due process. The trial court denied their motion. Defendants then affirmatively waived trial by jury. After admission into evidence of

exhibits and the stipulations to fact, the defendants' motion for a directed finding was denied. After closing arguments defendants were found guilty as charged.

## I.

Defendants first claim the trial court erred when it failed to admonish them pursuant to Supreme Court Rule 402(a). Rule 402 requires a trial judge to advise a defendant that a plea of guilty operates, *inter alia,* to waive the right to confront adverse witnesses. Defendants characterize their trial as equivalent to a plea of guilty. Thus, they argue, absent Rule 402 admonitions, they did not knowingly and affirmatively waive their constitutional right to confrontation.

■■ This claim was not raised at trial or in defendants' post-trial motions. Our supreme court has repeatedly held that "* * * issues not raised at trial or in post-trial motions are waived. [Citations.] This general rule applies to constitutional and nonconstitutional issues. [Citations.]" (*People v. Lykins* (1979), 77 Ill. 2d 35, 38, 394 N.E.2d 1182.) Thus, the issue is waived.

■■ This court may, however, take notice of plain errors or defects affecting substantial rights notwithstanding a failure to bring them to the trial court's attention. (See *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856; Ill. Rev. Stat. 1979, ch. 110A, par. 615(a).) From our review of the record we conclude this claim nevertheless lacks merit. See *People v. Russ* (1975), 31 Ill. App. 3d 385, 393, 334 N.E.2d 108, *appeal denied* (1975), 61 Ill. 2d 599.

## II.

■■ Defendants also claim that the trial court erred when it applied the felony-murder rule and found them guilty of murder. The necessary elements of felony murder under section 9—1(a)(3) of the Criminal Code of 1961 were succinctly stated in *People v. Brown* (1979), 70 Ill. App. 3d 922, 926, 388 N.E.2d 1253, as "(1) evidence that shows the defendant was a participant in a forcible felony and (2) evidence that shows that an innocent party was killed during the commission of the felony as a direct and foreseeable consequence of it." (See also *People v. Hickman* (1974), 59 Ill. 2d 89, 93-94, 319 N.E.2d 511, *cert. denied* (1975), 421 U.S. 913, 43 L. Ed. 2d 779, 95 S. Ct. 1571.) In addition, under the felony-murder rule it is immaterial whether the killing of the innocent party is intentional, accidental, or committed by a co-felon without connivance of the defendant. (*People v. Morris* (1971), 1 Ill. App. 3d 566, 569, 274 N.E.2d 898; see generally *People v. Allen* (1974), 56 Ill. 2d 536, 545, 309 N.E.2d 544, *cert. denied* (1974), 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120.) Furthermore, "* * * if a killing is committed in the course of an escape

from a robbery '* * * each of the conspirators is guilty of murder, for the crime had not been completed at the time inasmuch as the conspirators had not won their way to a place of safety.'" *People v. Johnson* (1973), 55 Ill. 2d 62, 68-69, 302 N.E.2d 20.

■■ Under the criteria stated above, it is evident that defendants' claim is without merit. Defendants never won their way to a place of safety. They were suspected of being the escaping robbers within four blocks and a few minutes of the crime. That fact is sufficient to support the inference that Jones' speeding and reckless driving were part of defendants' escape attempt. (See, *e.g.*, *People v. Brown* (1979), 70 Ill. App. 3d 922, 926-27.) Under the stipulated evidence adduced at trial we conclude the trial judge properly found defendants guilty beyond a reasonable doubt under the statutory felony-murder rule. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN, P. J., and HARTMAN, J., concur.