**Brian Keith MOORE, Petitioner,**

v.

**Donald WYRICK, etc., et al., Respondents.**

No. 80–1541C(2).

United States District Court, E. D. Missouri, E. D.

April 21, 1981.

Brian Keith Moore, pro se.

John M. Morris, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for respondents.

MEMORANDUM

NANGLE, District Judge.

This case is now before the Court for review of the Magistrate's Report and Recommendation. In this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner challenges his state murder conviction on two grounds.[1] He first claims that there was insufficient evidence to support his felony-murder conviction. He then claims that the construction given the felony-murder statute[2] by the Missouri Supreme Court in his case, *State v. Moore*, 580 S.W.2d 747 (Mo. banc 1979), was so unexpected as to deny his due process, in that he was convicted of murder for acts not thought to constitute murder at the time he committed those acts. The Magistrate found against petitioner on the merits of each of these claims. He therefore found it unnecessary to decide whether petitioner had failed to exhaust his state remedies as to the second claim, as respondents argued.

This Court must concur with the Magistrate that petitioner's first ground for relief is without merit. Given the Missouri Supreme Court's interpretation of the felony-murder statute—i. e. that the felony-murder rule was applicable even though the fatal bullet did not come from the gun of petitioner or one of his accomplices, as long as the resulting death was the natural and proximate result of acts of petitioner or an accomplice—there was clearly sufficient evidence to support petitioner's conviction.

The problem herein arises, however, because the Missouri Supreme Court, in petitioner's case, reversed prior decisions which had held that the fatal bullet had to have come from the gun of the defendant or an accomplice. In a prior case indistinguishable on its facts with that of petitioner, the Missouri Supreme Court held that the defendant could not be convicted of felony-murder if the fatal shot was fired by someone attempting to thwart the felony. *State v. Majors*, 237 S.W. 486 (Mo.1922); *see, also State v. Glenn*, 429 S.W.2d 225 (Mo.1968). Petitioner claims that this reversal of prior law deprived him of due process.

Despite respondents' inability "to coherently respond to this statement or to relate it to any known constitutional right," this Court believes petitioner has raised a serious constitutional issue. *See, Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *Marks v. United States*, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); Cf. *Knutson v. Brewer*, 619 F.2d 747 (8th Cir. 1980); *United States ex rel Almeida v. Rundle*, 383 F.2d 421 (3rd Cir. 1967), cert. denied 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131 (1968); *United States ex rel Rock v. Pinkey*, 430 F.Supp. 176 (N.D.Ill. 1977), aff'd 582 F.2d 1282 (7th Cir. 1978). Rather than resolve this issue, however, it is best to give the state courts an opportunity to hear petitioner's claim. It is elementary that before a federal court should grant habeas corpus relief, petitioner must have exhausted his state court remedies. See U.S.C. § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Petitioner herein has not done so.

Petitioner's appeal to the Missouri Supreme Court argued only that the felony-murder rule, as it had been previously construed by that court, was inapplicable on the facts of his case. He made no argument in the Missouri Supreme Court that to so apply the rule would deprive him of due process. He has not subsequently raised this claim in any Missouri court. It is this Court's belief that petitioner presently has available an avenue for relief pursuant to Missouri Rule of Criminal Procedure 27.26. That Rule allows petitioner to collaterally attack his conviction.

This Rule was found to present an available avenue for relief under similar circumstances in *Thomas v. Wyrick*, 622 F.2d 411 (8th Cir. 1980). In that case, the petitioner sought habeas corpus relief in the federal

---

1. Petitioner originally raised four grounds for relief. In his Traverse filed on February 2, 1981, petitioner withdrew his contentions that certain trial evidence was obtained in an unlawful arrest and that his confession was coerced.

2. § 559.010, R.S.Mo. (1969).

**1216**

court on the ground that the exclusion of his character witnesses in his state trial violated the Fourteenth Amendment. In his state appeals, however, petitioner had only argued the refusal of the trial court to allow him to call character witnesses was an abuse of discretion and denied him a fair trial. The Eighth Circuit held that petitioner should present his Fourteenth Amendment argument to the state courts via a Rule 27.26 motion prior to presenting it to the federal courts.

*Picard v. Connor*, supra, though arising in a different state, dictates a similar result. Petitioner therein had challenged in the state courts the legality of his indictment, claiming that the indictment did not comply with the applicable state statute. The First Circuit Court of Appeals granted habeas corpus relief on the ground that the method of petitioner's indictment denied him Equal Protection, a claim raised sua sponte by that court. The Supreme Court held that petitioner had not yet exhausted his state remedies since the Fourteenth Amendment claim had never been presented to a state court.

A similar result is dictated herein. Petitioner has never presented to any state court his argument that the Missouri Supreme Court's construction of the felony-murder statute operated to deny him due process of law. He should do so before applying for relief from the federal courts. This petition will be dismissed for failure to exhaust state remedies. *Slayton v. Smith*, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971).