UNITED STATES of America ex rel. John BURKE and Kenneth Emerson, Petitioners,

v.

DIRECTOR, DEPARTMENT OF CORRECTIONS, STATE OF ILLINOIS, Respondents.

No. 81 C 1125.

United States District Court, N. D. Illinois, E. D.

Nov. 2, 1981.

Tyrone C. Fahner, Atty. Gen. of Illinois by David Cassorla, Asst. Atty. Gen., Chicago, Ill., for petitioners.

R. H. R. Silvertrust, Asst. Public Defender, Chicago, Ill., for respondents.

## ORDER

BUA, District Judge.

In November, 1978, John Burke and Kenneth Emerson were tried and convicted of armed robbery and felony murder in the Circuit Court of Cook County. They are presently serving their sentence of fourteen years to fourteen years and a day in the Illinois Department of Corrections. Burke and Emerson appealed their conviction to the Illinois Appellate Court, where the decision of the trial court was affirmed. *People v. Burke*, 85 Ill.App.3d 939, 41 Ill.Dec. 230, 407 N.E.2d 728 (1st Dist. 1980). Subsequently, their petition for leave to file an appeal to the Illinois Supreme Court was denied. This cause comes before the court on Burke and Emerson's Petition for a Writ of Habeas Corpus. Petitioners allege that the procedure, a "stipulated bench trial," by which they agreed to have their case heard in the state trial court, denied them their right to due process under the fourteenth amendment to the United States Constitution. Petitioners argue that the stipulated trial was "tantamount to a plea of guilty," and that, because the procedure was not preceded by the court's admonitions as to petitioners' right of confrontation and privilege against self-incrimination, their agreement to submit to it constituted an ineffective waiver of these rights. *Cf. Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). After carefully reviewing the record from the state court, this court finds that, on the facts before it,

petitioners' claim is devoid of merit. Therefore, the Petition for a Writ of Habeas Corpus is denied.

■■■ It is, of course, true that a defendant's plea of guilty waives certain of his other constitutional rights and that such a waiver, in order to be valid under the Due Process Clause of the fourteenth amendment, requires the knowing and intelligent assent of the accused. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274. It is also true that the prerequisite of informed and intelligent relinquishment of important rights is essential to a defendant's valid consent to a stipulation of facts which amounts to the "functional equivalent" of a guilty plea. *Cox v. Hutto*, 589 F.2d 394, 395–96 (8th Cir. 1979); *Achtien v. Dowd*, 117 F.2d 989 (7th Cir. 1941). Such is not, however, the case before this court. The record clearly indicates that when petitioners voluntarily agreed to the stipulated trial procedure, in no way did they in fact or "in effect" admit to "all the elements of a formal criminal charge." *Johnson v. Zerbst*, 304 U.S. 458, 466, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Rather petitioners, through their counsel, proceeded to vigorously and thoroughly assert various legal arguments as well as defenses and objections to the relevance and sufficiency of the evidence. A review of the record indicates that counsel (1) asserted a legal defense with regard to an allegedly suggestive identification (R. 24); (2) objected to the relevance of certain stipulated testimony pertaining to the weapons used in the crime (R. 38–39); and finally (3) made a motion for a directed finding in which counsel argued both that the evidence was insufficient to connect the defendants to the crime and that the facts coupled with the legal requirements of felony murder could not support a finding of guilt with regard to that charge (R. 43–45). Each of these objections and assertions were considered and rejected by the trial judge. Additionally, the trial judge made it clear that he alone would decide petitioners' guilt or innocence (R. 26).

It is obvious that petitioners stipulated only to the state's testimony, not to the adequacy of the evidence nor to the fact of guilt. In light of the record before this court, a finding that the procedure was, as petitioners assert in their memorandum, nothing more than "a slow plea of guilty," and thus required the admonitions normally associated with such a plea, would be completely inappropriate.

Petitioners have cited no precedent nor has the court located any case which would dictate a contrary result. Petitioners rely almost exclusively on the United States Supreme Court's decision in *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), in which it was held that an accused's right to plead not guilty and to have a trial complete with confrontation and cross examination of adversary witnesses could not be waived by counsel without defendant's consent. Although petitioners have feebly attempted to apply the *Brookhart* holding to the facts of their case, it is clear that the Supreme Court's opinion is wholly inapposite. Unlike the petitioner in *Brookhart*, Burke and Emerson did not in any way object to the stipulated procedure nor indicate that they misunderstood its operation. Consequently, their attempt to rely on the *Brookhart* holding must fail.

The court acknowledges the fact that there may be some cases where a fact stipulation might be so conclusive as to an accused's guilt of the crime charged, that it would "in effect" amount to a plea of guilty and, without the appropriate admonitions, require a finding that a defendant's due process rights had been violated. For example, in the recent case of *Cox v. Hutto*, 589 F.2d 394 (8th Cir. 1979), the court found that a defendant's conviction as a habitual offender, based on a stipulation of four prior convictions made by counsel without defendant's consent, "was the functional equivalent of a guilty plea and [thus that] the state trial court was required to question [defendant] to determine whether he knowingly and voluntarily agreed to the stipulation." *Id.* at 396. The court explained that, because of the automatic nature of the habitual criminal offense, the stipulation, like a plea of guilty, left nothing to be done at trial but the giving of judgment and the determination of the punishment. *Id.*, quoting *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The distinction between the situation in *Cox* and petitioners' case is obvious. Petitioners' stipulation to certain facts in the trial court did not render meaningless further advocacy and argument, nor, as the court has demonstrated, were petitioners' attempts to contest various issues in fact thwarted. The proceeding, despite the stipulations, retained its adversary character, albeit in somewhat abbreviated form.

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is denied.