THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RAY PUGH *et al.*, Defendants-Appellees.

Fifth District    No. 5—93—0004

Opinion filed May 9, 1994.

Charles Grace, State's Attorney, of Murphysboro (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellee James Pugh.

No brief filed for other appellees.

JUSTICE RARICK delivered the opinion of the court:

Defendants, Ray, Charles, and James Pugh, were charged with aggravated discharge of a firearm and felony murder in connection with the shooting death of Stanley Schauf. The victim was shot during a gun battle on August 23, 1992. Defendants fired shots at several people who in turn returned fire. One of those returning fire actually shot the victim. All three defendants filed motions to dismiss the felony murder counts against them, arguing the felony murder counts did not state offenses because they were not charged with firing a gun at the person who was killed. The circuit court of Jackson County granted all three motions, noting that the charging instruments did not allege a conspiracy between defendants and anyone else and that defendants were not being tried in the same case as the person who fired the fatal shot. The State appeals, arguing that the trial court erred as a matter of law in dismissing the felony murder counts against defendants. Only James Pugh has responded to the State's appeal.

■ Before we reach the merits of the State's appeal, we note that James Pugh contends that the appeal should be dismissed because the State failed to file any motions for reconsideration of the dismissal orders; he relies on *People v. Macke* (1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113. We have recently rejected this same contention in *People v. Cavitt* (1993), 246 Ill. App. 3d 514, 616 N.E.2d 666, and *People v. Fisher* (1994), 259 Ill. App. 3d 445, and in *Fisher*, we noted that our supreme court has effectively overruled the portions of the *Macke* decision on which defendant relies (*Fisher*, 259 Ill. App. 3d at 446). Neither the dictates of *Macke*, nor any other case law or statute requires the State to file a motion to reconsider prior to appealing an order of the trial court dismissing a criminal charge. (*Cavitt*, 246 Ill. App. 3d at 518, 616 N.E.2d at 669.) We therefore turn to the substance of the State's appeal.

Defendants were charged with the offense of felony murder, pur-

suant to section 9—1(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)(3) (now 720 ILCS 5/9—1(a)(3) (West 1992))), based upon the predicate felony of aggravated discharge of a firearm (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.2(a)(2) (now 720 ILCS 5/24—1.2(a)(2) (West 1992))). Because the offense of aggravated discharge of a firearm necessarily involves violence directed against an individual, it constitutes a forcible felony within the intendments of felony murder (Ill. Rev. Stat. 1991, ch. 38, par. 2—8 (now 720 ILCS 5/2—8 (West 1992))). While defendants concede this fact, they argue that the offense of aggravated discharge of a firearm was complete before the shot that killed the victim was even fired and, consequently, the killing did not occur "during" the commission of the felony. We disagree. Defendants are responsible for any death precipitated by their initial criminal acts provided it was their criminal acts which set in motion the events which ultimately resulted in death. (See *People v. Brackett* (1987), 117 Ill. 2d 170, 176, 510 N.E.2d 877, 880; *People v. Smith* (1974), 56 Ill. 2d 328, 333-34, 307 N.E.2d 353, 355-56.) Clearly it was defendants' criminal acts of discharging their weapons in the direction of others which precipitated the return of gunfire which, in turn, resulted in the death of the victim.

■ The purpose of the felony murder statute is to deter individuals from committing forcible felonies by holding them responsible for murder if death results from their criminal acts. (*People v. Graham* (1985), 132 Ill. App. 3d 673, 680, 477 N.E.2d 1342, 1347.) This is the case because forcible felonies are so inherently dangerous that a resulting homicide, even an accidental one, is strongly probable. (*People v. Jenkins* (1989), 190 Ill. App. 3d 115, 126, 545 N.E.2d 986, 994.) Consequently, felons are responsible for those deaths which occur during a felony and which are foreseeable consequences of their initial criminal acts. (*Graham*, 132 Ill. App. 3d at 679, 477 N.E.2d at 1346; *People v. Fuller* (1980), 91 Ill. App. 3d 922, 929, 415 N.E.2d 502, 508; *People v. Tillman* (1979), 70 Ill. App. 3d 922, 925-26, 388 N.E.2d 1253, 1256.) It is immaterial whether the killing was intentional or accidental or was committed by a confederate without the connivance of the defendant or even by a third party trying to prevent the commission of or resist the felony. (*Graham*, 132 Ill. App. 3d at 679, 477 N.E.2d at 1346.) A common plan between the felon and the one whose act killed the victim certainly is not a requirement under the felony murder rule (*Graham*, 132 Ill. App. 3d at 682, 477 N.E.2d at 1348), nor is there any requirement that the defendant be both the person who commits the felony and the person who performs the act which causes the victim's death (*Jenkins*, 190 Ill. App. 3d at 129, 545 N.E.2d at 995). Death does not have to be contemporaneous

with the commission of the forcible felony. (See J. Decker, Illinois Criminal Law 209 (1986).) And, the fact that the precise manner in which death occurred to a particular victim may not have been foreseen by that felon also does not relieve him of responsibility. (*Brackett*, 117 Ill. 2d at 180, 510 N.E.2d at 882; *Smith*, 56 Ill. 2d at 333-34, 307 N.E.2d at 355-56.) Given these guidelines, clearly it was foreseeable that if defendants here fired guns in the direction of other people, someone would be likely to return fire and, just as likely, someone could be killed. We therefore conclude that defendants were properly charged with felony murder based upon the predicate felony of aggravated discharge of a firearm. The trial court erred in dismissing such charges.

For the aforementioned reasons, we reverse the rulings of the circuit court of Jackson County dismissing the felony murder counts against defendants and remand these cases for trial.

Reversed and remanded.

LEWIS, P.J., and WELCH, J., concur.