(No. 82839.—
)

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CODY DEKENS, Appellee.

*Opinion filed April 16, 1998.—Rehearing denied June 1, 1998.*

BILANDIC, J., joined by McMORROW, J., dissenting.
HEIPLE, J., dissenting.

James E. Ryan, Attorney General, of Springfield, and Michael Kick, State's Attorney, of Kankakee (Barbara A. Preiner, Solicitor General, William L. Browers and Kartik K. Raman, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, John X. Breslin and J. Paul Hoffman, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Ronald S. Packowitz, Assistant Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

This appeal presents the question whether a defendant may be charged with first degree murder, on a felony-murder theory, when the decedent is a cofelon who is killed by an intended victim of the defendant and cofelon.

The defendant was charged in the circuit court of Kankakee County with murder, criminal drug conspiracy, and attempted armed robbery. Prior to trial, the defendant moved to dismiss the murder charge, which was based on a felony-murder theory. The defendant contended that he could not be charged with that offense because the decedent in this case was a cofelon, who was shot and killed by the victim of the robbery attempt. For purposes of resolving the defendant's motion, the prosecution and the defense stipulated to the facts underlying the case. According to the parties' stipulation, an undercover police officer arranged to buy drugs from the defendant at a residence in Kankakee on January 5, 1996. Prior to the meeting, the defendant and the decedent, Peter Pecchenino, formulated a plan to rob the officer. During the drug transaction, the defendant pointed a shotgun at the officer and threatened him. In response, the officer fired several shots at the defendant. As the officer was leaving the residence, he was grabbed by Pecchenino. The officer shot Pecchenino, who later died as a result of those wounds. The defendant was subsequently charged with Pecchenino's murder, under a felony-murder theory. 720 ILCS 5/9—1(a)(3) (West 1996).

The trial judge granted the defendant's motion to dismiss the murder charge. The judge believed that he was required to follow the appellate court opinion in *People v. Morris*, 1 Ill. App. 3d 566 (1971), which had held that a defendant could not be liable under a felony-

murder theory for the death of a cofelon when the act causing the cofelon's death was not done in furtherance of the common design to commit the felony. The State appealed the dismissal of the charge pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)), and the appellate court affirmed the trial judge's ruling. In an unpublished order, the appellate court relied on a rationale different from the one used by the trial judge yet reached the same result. From a review of the case law in this area, the appellate court believed that liability under a felony-murder theory could extend only to innocent victims. We allowed the State's petition for leave to appeal (166 Ill. 2d R. 315(a)), and we now reverse the judgments of the courts below and remand the cause to the circuit court of Kankakee County for further proceedings.

In *People v. Lowery*, 178 Ill. 2d 462 (1997), this court recently reviewed the nature of the felony-murder doctrine and the opposing theories on which liability may be based. As *Lowery* explains, Illinois follows the "proximate cause" theory of liability for felony murder. Under that theory, liability attaches "for any death proximately resulting from the unlawful activity— notwithstanding the fact that the killing was by one resisting the crime." *Lowery*, 178 Ill. 2d at 465. The other principal theory of liability under the felony-murder doctrine is the agency theory, which is followed by a majority of jurisdictions. Under the agency theory, " 'the doctrine of felony murder does not extend to a killing, although growing out of the commission of the felony, if directly attributable to the act of one other than the defendant or those associated with him in the unlawful enterprise.' [Citations.]" *Lowery*, 178 Ill. 2d at 466. There is no liability under the agency theory when the homicide is committed by a person resisting the felony. *Morris*, relied on by the trial judge in this case, is an expression of the agency theory of liability.

Although we have never addressed the precise question raised here, this court has, over the years, addressed similar questions concerning the scope of the felony-murder doctrine and the proximate cause theory. A review of these cases is instructive. In *People v. Payne*, 359 Ill. 246 (1935), several persons tried to rob two brothers. One of the robbers pointed a gun at one of the brothers, who drew his own gun and fired at the robbers; the robbers fired back. The second brother was killed in the gunfire, but it could not be determined whether his brother or one of the robbers had shot him. The defendant was charged with murder, on a felony-murder theory, for the brother's death. Applying the proximate cause theory, the court explained that the identity of the person who fired the shot that killed the decedent was immaterial to the murder charge:

> "It reasonably might be anticipated that an attempted robbery would meet with resistance, during which the victim might be shot either by himself or someone else in attempting to prevent the robbery, and those attempting to perpetrate the robbery would be guilty of murder." *Payne*, 359 Ill. at 255.

A later case, *People v. Allen*, 56 Ill. 2d 536 (1974), reaffirmed *Payne* and the proximate cause theory. In that case, the court concluded that the drafters of section 9—1 of the Criminal Code of 1961 had intended to incorporate the holding in *Payne*. *Allen* upheld a conspirator's murder conviction for the death of a police officer in an attempted robbery of an armored car. This court rejected the defendant's argument that his conviction for murder could not stand because the slain officer had been shot by another officer. The court stated, "[T]he defendant in this case may be held liable for the death of Officer Singleton whether the fatal shot was fired by a co-felon *** or by another police officer in opposition to the attempted robbery." *Allen*, 56 Ill. 2d at 545.

A similar result was reached in *People v. Hickman*,

59 Ill. 2d 89 (1974). In *Hickman* the defendant and cofelons fled after they were observed by police committing a burglary. A police officer who was pursuing the burglars was mistakenly shot and killed by another officer, who mistook him for a burglar. Two defendants were convicted of the police officer's murder on a felony-murder theory. The trial judge later entered an order arresting the judgment in the case, however, and the State appealed from that order. Citing *Payne* and *Allen*, this court rejected the two defendants' argument that they could not be guilty of murder because the police officer who fired the fatal shot was acting justifiably. The court stated:

> "The commission of the burglary, coupled with the election by defendants to flee, set in motion the pursuit by armed police officers. The shot which killed Detective Loscheider was a shot fired in opposition to the escape of the fleeing burglars, and it was a direct and foreseeable consequence of defendants' actions." *Hickman*, 59 Ill. 2d at 94.

More recently, in *People v. Lowery*, 178 Ill. 2d 462 (1997), we revisited the scope of the felony-murder doctrine in a case in which the intended victim of an armed robbery shot at one of the fleeing robbers and struck an innocent bystander instead, killing her. The defendant asked the court to overrule *Payne* and *Hickman* and to adopt in this state the agency theory of liability for felony murder. *Lowery*, 178 Ill. 2d at 466. This we declined to do. We explained:

> "It is equally consistent with reason and sound public policy to hold that when a felon's attempt to commit a forcible felony sets in motion a chain of events which were or should have been within his contemplation when the motion was initiated, he should be held responsible for any death which by direct and almost inevitable sequence results from the initial criminal act. Thus, there is no reason why the principle underlying the doctrine of proximate cause should not apply to criminal cases. Moreover, we

believe that the intent behind the felony-murder doctrine would be thwarted if we did not hold felons responsible for the foreseeable consequences of their actions. [Citations.]" *Lowery*, 178 Ill. 2d at 467.

Although *Lowery, Hickman, Allen,* and *Payne* did not address the precise question raised in this appeal, we believe that our case law compels application of the felony-murder doctrine to the circumstances of this case. As *Lowery* noted, Illinois follows the proximate cause theory of felony murder, as opposed to the agency theory. Consistent with the proximate cause theory, liability should lie for any death proximately related to the defendant's criminal conduct. Thus, the key question here is whether the decedent's death is the direct and proximate result of the defendant's felony. As our cases make clear, application of the felony-murder doctrine does not depend on the guilt or innocence of the person killed during the felony or on the identity of the person whose act causes the decedent's death.

We believe that a charge of felony murder is appropriate in these circumstances. In *Lowery* we determined that a defendant may be charged with the offense when an intended victim mistakenly shoots and kills a bystander. Here, the intended victim shot and killed the defendant's cofelon. We do not believe that the defendant should be relieved from liability for the homicide simply because of the decedent's role in the offense. Nor do we believe that application of the doctrine depends on whether or not the decedent was an innocent party. To hold otherwise would import the agency theory of felony murder into our law. As we have noted, Illinois has long followed the proximate cause theory. Consistent with that view, then, we conclude that a defendant may be charged with murder under a felony-murder theory when an intended victim of the felony shoots and kills a cofelon of the defendant. We note that other states that adhere to the proximate cause theory also

recognize liability for felony murder when the decedent is a cofelon of the defendant. See *State v. Baker*, 607 S.W.2d 153 (Mo. 1980); *State v. Oimen*, 184 Wis. 2d 423, 516 N.W.2d 399 (1994).

In opposition to our result, the defendant argues that the felony-murder doctrine should not apply when the person killed in the felony is an accomplice of the defendant. The defendant offers several reasons in support of this argument, but we find these contentions unpersuasive. First, the defendant believes that this court has already endorsed the limitation he urges here. The defendant notes that the appellate court opinion in *People v. Hickman*, 12 Ill. App. 3d 412, 417 (1973), though following the proximate cause theory, stated that the doctrine was applicable only when the decedent was innocent, and that this court's subsequent opinion in the case stated that the appellate court had "correctly interpreted the felony-murder statute" (*Hickman*, 59 Ill. 2d at 95). The limitation imposed by the appellate court in that case was *dicta*, however, and this court's later approval of the appellate court's reasoning should be understood as extending only to the issue actually decided—whether the defendant in that case was liable for murder when the decedent was a police officer who had been shot and killed by another officer.

The defendant also maintains that limiting the scope of the felony-murder doctrine to innocent victims is consistent with the proximate cause theory on which it rests in this state. The defendant cites again to the appellate court opinion in *Hickman*, referring to the court's statement in that case that liability should not lie for the death of a cofelon because "he assisted in setting in motion a chain of events which was the proximate cause of his death and therefore in the criminal law as in the civil law there is no redress for the victim." *Hickman*, 12 Ill. App. 3d at 417. As we understand the argument, the

defendant seems to be urging a sort of contributory fault theory, under which no liability could attach for the death of a cofelon because his guilty participation in the offense should preclude his own recovery. We do not agree. We do not believe that a cofelon's blameworthiness should shield the defendant from liability for the death. As we have noted, the focus of the proximate cause theory is on the chain of events set in motion by the defendant, not on the individual guilt or innocence of the decedent.

The defendant further suggests that his proposed limitation is consistent with the purposes of the felony-murder doctrine. Again, we do not agree. In explaining the intended scope of the doctrine in Illinois, the committee comments to section 9—1 of the Criminal Code of 1961 state:

> "It is immaterial whether the killing in such a case is intentional or accidental, or is committed by a confederate without the connivance of the defendant *** or even by a third person trying to prevent the commission of the felony." 720 ILCS Ann. 5/9—1, Committee Comments—1961, at 12-13 (Smith-Hurd 1993).

We believe that denying liability when the decedent is a cofelon would conflict with the legislature's adoption of the proximate cause theory.

For the reasons stated, the judgments of the appellate court and of the circuit court of Kankakee County are reversed, and the cause is remanded to the circuit court of Kankakee County for further proceedings.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded.*

JUSTICE BILANDIC, dissenting:

I dissent. Unlike my colleague Justice Heiple, I do not believe that this court should now abandon its adoption of the proximate cause theory of liability for felony

murder. In this case, however, the majority applies this theory without any consideration of the purposes sought to be achieved by the felony-murder doctrine. I would hold that the felony-murder doctrine does not apply to render a surviving felon guilty of murder where a cofelon is killed by a nonparticipant in the felony.

As codified in Illinois, the felony-murder doctrine permits a defendant to be convicted of first degree murder if, "in performing the acts which cause the death *** he is attempting or committing a forcible felony." 720 ILCS 5/9—1(a)(3) (West 1996). Under this doctrine, the defendant need not have intended, nor even contemplated, causing anyone's death. Rather, the defendant's culpability for murder rests solely on his commission or attempt of one of a list of felonies. Accordingly, the ramifications of the felony-murder doctrine are harsh; a defendant who, it is conceded, intended only to commit a far less serious offense than murder is nonetheless made guilty of first degree murder. This is no small matter. First degree murder in this state carries with it a sentence ranging from 20 to 60 years' imprisonment to natural life imprisonment. 730 ILCS 5/5—8—1(a) (West 1996).

The justification for the felony-murder rule is that forcible felonies are so "inherently dangerous" that a death occurring in the course thereof is strongly probable. *Lowery*, 178 Ill. 2d at 469. Obviously, the "inherent danger" referred to here is the danger to the victims of the felonies, or to bystanders or intervenors. It certainly was not the potential danger to the *participants* in the forcible felony which prompted the legislature to codify this form of murder. As this court stated recently in *Lowery*, the felony-murder rule reflects the legislature's concern for "protecting the general populace." *Lowery*, 178 Ill. 2d at 469. Given the harsh consequences of the felony-murder doctrine, I believe that it should be

limited to those situations in which its application achieves the purpose underlying the rule. Extending the doctrine to render a defendant guilty of first degree murder when his cofelon is killed by the intended victim of the attempted felony so dilutes the justification for the felony-murder doctrine as to make it absurd and unfair.

There is no dispute in this case that Pecchenino, the decedent, was a willing and active participant in the attempted armed robbery. According to the stipulated facts, defendant and Pecchenino together planned the crime. Defendant did not intend Pecchenino's death, nor did defendant perform the acts which caused his death. Rather, the stipulated facts reveal that Pecchenino was shot and killed by the undercover officer after Pecchenino grabbed the officer as he was attempting to leave. Thus, the only basis for rendering defendant guilty of murder in this case is defendant's participation in the attempted armed robbery, the same attempted armed robbery which Pecchenino himself planned and carried out.

The majority concludes that, because defendant's attempt to commit the armed robbery "set in motion a chain of events" which resulted in Pecchenino's death, defendant may rightly be charged with murder for Pecchenino's death. When a defendant's commission of a forcible felony proximately results in the death of an innocent party, I agree that charging the defendant with murder may comport with notions of justice and fairness. There is, however, simply a qualitative difference between that situation and the situation presented here, where the death which resulted was that of a coparticipant in the underlying felony. As one renowned treatise on criminal law has noted:

> "[I]t is now generally accepted that there is no felony murder liability when one of the felons is shot and killed by the victim, a police officer, or a bystander ***. ***
>
> A more plausible explanation [for this conclusion] is

the feeling that it is not justice (though it may be poetic justice) to hold the felon liable for murder on account of the death, which the felon did not intend, of a co-felon willingly participating in the risky venture. It is true that it is no defense to intentional homicide crimes that the victim voluntarily placed himself in danger of death at the hands of the defendant \*\*\*. But with unintended killings it would seem proper to take the victim's willing participation into account \*\*\*." W. LaFave & A. Scott, 2 Substantive Criminal Law § 7.5, at 217-18 (1986).

The majority provides no explanation for how the purpose of the felony-murder doctrine is served by applying it in cases such as this. Rather, the majority's holding is simply that the proximate cause theory "compels" this result. The only question, according to the majority, is "whether the decedent's death is the direct and proximate result of the defendant's felony." 182 Ill. 2d at 252. The majority then concludes that defendant's attempted armed robbery proximately caused Pecchenino's death. I disagree with this conclusion. Where a cofelon is killed by a third party, the most direct cause of the death is the *cofelon's* participation in the felony, not the defendant's acts. Contrary to the majority's characterization, this distinction does not go to the "guilt or innocence" of the decedent. Rather, this distinction pertains to the "proximate cause" of the death. Significantly, we are not here considering an issue of tort liability, but an issue of imposing criminal liability for first degree murder with the severe consequences that entails. In my view, the distinction between a third party killing an innocent party and a third party killing a participant in the felony must be accorded weight. It is illogical to conclude that the same degree of guilt should attach where a defendant's felony results in the death of an innocent party and where it results in the death of an active participant in the felony.

The majority nonetheless holds that "our cases make

clear" that application of the felony-murder doctrine does not depend on the "guilt or innocence" of the decedent. 182 Ill. 2d at 252. Our prior cases, however, say nothing of the sort. As the majority concedes, none of this court's prior decisions addressed a situation where the person killed was a participant in the underlying felony. See, *e.g.*, *People v. Lowery*, 178 Ill. 2d 462, 465 (1997) (intended victim shot and killed innocent bystander); *People v. Hickman*, 59 Ill. 2d 89, 91-92 (1974) (police officer shot and killed another officer); *People v. Allen*, 56 Ill. 2d 536, 545 (1974) (police officer shot by another officer). Consequently, none of these decisions can be said to have considered or decided whether the felony-murder doctrine applies where the death is that of the cofelon. To the contrary, in the *Lowery* decision, this court expressly referred to the issue presented as "whether the felony-murder rule applies where the intended victim of an underlying felony *** fired the fatal shot which killed an *innocent bystander*." (Emphasis added.) *Lowery*, 178 Ill. 2d at 465.

The majority also refers to an excerpt from the committee comments to section 9—1. Those comments do not address the question presented in this case, whether felony murder applies where the decedent is a cofelon killed by a third party. Those comments merely state that it is immaterial whether the killing was *performed* by the defendant or by a third person trying to prevent the commission of the felony. 720 ILCS Ann. 5/9—1(a), Committee Comments—1961, at 12-13 (Smith-Hurd 1993). The comments are silent with regard to the identity of the decedent.

Accordingly, no prior precedent of this court or any expression of legislative intent "compels" any particular resolution of the issue presented in this case. The majority therefore should have engaged in an analysis of whether, consonant with notions of justice and fairness,

liability for first degree murder should be imposed in the circumstances presented by this case. The majority's failure to conduct such an analysis has led it to reach what I consider to be an unjust result. I therefore dissent.

JUSTICE McMORROW joins in this dissent.

JUSTICE HEIPLE, also dissenting:
Although I joined this court's opinion in *People v. Lowery*, 178 Ill. 2d 462 (1997), I have changed my view of the matter. For the reasons given below, I believe the court should reexamine and reject the proximate cause theory of liability in felony-murder cases.

The felony-murder doctrine originated in England to impose liability for murder upon a criminal defendant whose conduct in committing or attempting a felony brought about an unintended death. *State v. Branson*, 487 N.W.2d 880, 881 (Minn. 1992). At the time the doctrine was conceived, few offenses were classified as felonies, and all felonies were punishable by death. *Branson*, 487 N.W.2d at 881-82. Since the advent of the felony-murder doctrine, however, many less serious offenses have been added to the felony category. In response, many American jurisdictions have narrowed the doctrine's application, while England has abandoned the doctrine altogether. *Branson*, 487 N.W.2d at 882 & n.3.

In Illinois, the only type of first degree murder which does not require proof of a specific *mens rea*, or intent, on the part of the defendant is felony murder. See 720 ILCS 5/9—1(a) (West 1996). The felony-murder doctrine thus stands as a substitute for intent in cases where the defendant's commission of a felony causes another person's death. This principle is sound when the death actually results from an action taken by the defendant. When the death is caused by the conduct of a third person, however, the rationale for the felony-murder

doctrine fails, because the doctrine operates as a rule of intent, not of causation. As one court held on facts similar to those of the instant case, "the thing which is imputed to a felon for a killing incidental to his felony is malice and not the act of killing." (Emphasis omitted.) *Commonwealth v. Redline*, 391 Pa. 486, 495, 137 A.2d 472, 476 (1958). In other words, although the State, to obtain a conviction for felony murder, need not prove intent to kill or knowledge that bodily harm will result, it still must prove that the defendant performed the acts which caused the death.

This analysis applies with particular force to the Illinois felony-murder statute, which provides as follows:

> "A person who *kills an individual* without lawful justification commits first degree murder if, *in performing the acts which cause the death*:
>
> * * *
>
> (3) he is attempting or committing a forcible felony other than second degree murder." (Emphasis added.) 720 ILCS 5/9—1(a)(3) (West 1996).

This language clearly requires the State to prove that the defendant personally killed the decedent by "performing the acts which cause[d] the death."

The majority cites a passage from the committee comments on section 9—1 to support its reading of the statute. 182 Ill. 2d at 254. This passage states that the death upon which a felony-murder conviction is based may have been caused "even by a third person trying to prevent the commission of the felony." 720 ILCS Ann. 5/9—1, Committee Comments—1961, at 12-13 (Smith-Hurd 1993). The only authority given by the Committee for this statement is this court's opinion in *People v. Payne*, 359 Ill. 246 (1935). In *Payne*, this court held that the defendant could be found guilty of murder even if the shot that killed the decedent had been fired by another victim of the underlying felony. *Payne*, 359 Ill. at 255. This court's holding in *Payne*, however, is flawed

for the same reason as is the majority's analysis in the instant case: namely, the State failed to prove that the defendant performed the acts which caused the death. Other than this brief reference by a nonlegislative committee to an opinion of this court, there is no evidence that the General Assembly intended to sanction a conviction for felony murder where the death was caused by the actions of a person other than the defendant. Moreover, comments on a statute cannot alter the plain language of the statute. Giving the statute a fair reading, I cannot see how the comments could have been made in the first place, and I certainly do not see how those comments can now be given any validity or weight.

As the majority notes, most United States jurisdictions have rejected the proximate cause standard in favor of an agency theory of liability. Under the agency theory, "the doctrine of felony murder does not extend to a killing, although growing out of the commission of the felony, if directly attributable to the act of one other than the defendant or those associated with him in the unlawful enterprise." *State v. Canola*, 73 N.J. 206, 211-12, 374 A.2d 20, 23 (1977). Illinois also should adopt the agency theory, not because the majority of other states have done so, but rather because that theory represents a reasonable and just interpretation of the law. For this reason, I respectfully dissent.