THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAVELLE HUDSON, Defendant-Appellant.

First District (4th Division)    No. 1—03—0953

Opinion filed December 30, 2004.

REID, P.J., dissenting.

Michael J. Pelletier and Michael James McDermott, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (John E. Nowak and Matthew Connors, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Following a jury trial, defendant, Lavelle Hudson, was convicted of first-degree murder and sentenced to 22 years' imprisonment. On appeal, he contends that (1) he was denied his constitutional rights to due process and trial by jury because the trial court gave the non-Illinois Pattern Jury Instruction (IPI) on proximate causation in felony murder tendered by the State, which, he claims, constituted an incorrect statement of the law, instead of the instruction offered by defense counsel; and (2) his conviction must be vacated because the shooting of the decedent was legally justified. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

Defendant, who was 15 years old at the time of the offense, was charged as an adult with multiple counts of first-degree murder, armed robbery, and burglary in connection with the July 30, 1998, fatal shooting of Chrispin Thomas, defendant's cofelon, at the Fresh Barbershop in Chicago. The following evidence was adduced at defendant's trial. About 4:45 p.m. on the day in question, Thomas and defendant entered the barbershop brandishing handguns. Thomas announced that this was a "stick-up" and ordered the people in the shop to throw their money onto the floor. Defendant remained by the door with his weapon as the people in the shop complied with Thomas' order.

When Thomas turned to begin gathering the money from the floor, off-duty Chicago police officer Ricky Bean, who had been getting a haircuit at the time, jumped out of his chair, drew his service revolver, announced his office, and ordered Thomas to drop his gun. Thomas did not comply but, rather, turned and pointed his weapon at the officer. Officer Bean fired once at Thomas and ordered him again to drop the gun. Thomas transferred his weapon into his other hand and tried to point it at the officer. Officer Bean continued to order Thomas to drop his weapon and fired two more shots at him. This time, Thomas complied.

Officer Bean grabbed Thomas and turned to defendant, who was still picking up money from the floor. The officer ordered defendant to drop his gun. Instead of complying, defendant pointed his weapon at Officer Bean. The officer fired once at defendant, and defendant fled the barbershop. The people in the shop then called 911 to request more police and an ambulance for Thomas.

Shortly thereafter, Thomas died on the scene. The medical examiner determined that he died of multiple gunshot wounds and ruled his death a homicide.

Police ultimately located defendant at Roseland Community Hospital, where he was being treated for a gunshot wound to his right leg. After being advised of his rights as a juvenile offender, defendant chose to speak to the police and related substantially the same chronology of events. Defendant's statement was later reduced to writing by an assistant State's Attorney. Defendant also testified to these events at trial and admitted that he had pled guilty to two other armed robberies of barbershops in Chicago, both of which occurred a few weeks prior to the July 30, 1998, incident.

The jury returned a verdict of guilty on one count of felony murder. The court subsequently sentenced defendant to 22 years' imprisonment.

## ANALYSIS

Defendant first contends that he was denied his constitutional rights to due process and trial by jury when the court gave the non-IPI jury instruction on proximate causation in felony murder offered by the State instead of the instruction offered by the defense. The State responds that the court correctly instructed the jury as to the elements of felony murder.

The purpose of jury instructions is to provide the jurors with the legal principles applicable to the evidence presented so that they may reach a correct verdict. *People v. Hopp*, 209 Ill. 2d 1, 8, 805 N.E.2d 1190, 1194 (2004). Supreme Court Rule 451(a) (177 Ill. 2d R. 451(a))

provides that whenever the IPI contain an applicable jury instruction, and the court determines that the jury should be instructed on the subject after giving due consideration to the facts and law, "the [IPI instruction] shall be used, unless the court determines that it does not accurately state the law." Where there is no IPI jury instruction on a subject on which the court determines the jury should be instructed, the court has the discretion to give a nonpattern instruction. *People v. Ramey*, 151 Ill. 2d 498, 536, 603 N.E.2d 519, 534 (1992). Therefore, we will not disturb a trial court's decision to instruct a jury using a non-IPI instruction absent an abuse of that discretion. *People v. Pollock*, 202 Ill. 2d 189, 211, 780 N.E.2d 669, 682 (2002). Whether the court has abused its discretion in giving a particular nonpattern instruction will depend on whether that instruction was an accurate, simple, brief, impartial, and nonargumentative statement of the applicable law. 177 Ill. 2d R. 451(a); *Pollock*, 202 Ill. 2d at 211, 780 N.E.2d at 682.

■ Illinois adheres to the so-called "proximate cause" theory of liability for felony murder. *People v. Lowery*, 178 Ill. 2d 462, 465, 687 N.E.2d 973, 975 (1997). Under this theory, "liability attaches 'for any death proximately resulting from the unlawful activity—notwithstanding the fact that the killing was by one resisting the crime.' " *People v. Dekens*, 182 Ill. 2d 247, 249, 695 N.E.2d 474, 475 (1998), quoting *Lowery*, 178 Ill. 2d at 465, 687 N.E.2d at 975-76. In addition, a defendant is not relieved of liability for a homicide where the one resisting the crime causes the death of defendant's cofelon. *Dekens*, 182 Ill. 2d at 252, 695 N.E.2d at 477.

■ In the present case, defendant was charged with felony murder based on Officer Bean's fatal shooting of Thomas, defendant's cofelon, in resisting the armed robbery. Thus, in order to sustain a conviction of felony murder in this case, the State was required to prove that Thomas' death was the direct and proximate result of the armed robbery in which defendant participated. See *Dekens*, 182 Ill. 2d at 252, 695 N.E.2d at 477.

The relevant IPI instruction on felony murder provides:

"A person commits the offense of first degree murder when he kills an individual [without lawful justification] if, in performing the acts which cause the death,

\* \* \*

[4] he [(is attempting to commit) (is committing)] the offense of _____." Illinois Pattern Jury Instructions, Criminal, No. 7.01 (4th ed. 2000) (hereinafter IPI Criminal 4th).

We initially note that this instruction correctly states the law applicable to situations where the defendant, or one for whom the defendant is accountable, kills an individual during the commission of

a forcible felony. See 720 ILCS 5/9—1 (West 2002); *People v. Jenkins,* 190 Ill. App. 3d 115, 128, 545 N.E.2d 986, 995 (1989). However, as the parties agree, this instruction does not accurately state the law applicable to the circumstances present in this case. Defendant did not perform the acts that caused Thomas' death but, rather, participated in an armed robbery attempt that culminated in the fatal shooting of his cofelon by one of the intended victims of the armed robbery. Therefore, the trial court properly exercised its discretion to give a non-IPI instruction. *People v. Jackson,* 331 Ill. App. 3d 279, 290, 771 N.E.2d 982, 992 (2002) ("A trial court abuses its discretion in declining to give a non-IPI instruction when the jury is left to deliberate with instructions that are unclear, misleading or contain inaccurate statements of law"). Accordingly, we must determine whether the trial court's decision to give the instruction offered by the State constituted an abuse of discretion. See *Pollock,* 202 Ill. 2d at 211, 780 N.E.2d at 682.

At the jury instruction conference, both parties submitted modified versions of IPI Criminal 4th No. 7.01. Defendant submitted the following instruction:

"A person commits the offense of first degree murder when he commits the offense of attempt [to commit] armed robbery and during *** the commission of that offense, the death of an individual is [the] direct and foreseeable consequence of the commission or attempt to commit that offense, and the defendant contemplated or should have contemplated that his actions could result in death."

The instruction submitted by the State read:

"A person commits the offense of first degree murder when he commits the offense of attempt [to commit] armed robbery, and during the course of the commission of the offense of attempt [to commit] armed robbery[,] he sets in motion a chain of events which cause the death of an individual.

It is immaterial whether the killing in such a case is intentional or accidental, or committed by a confederate without the connivance of the defendant or even by a third person trying to prevent the commission of the felony."

Following argument, the court chose to give the State's instruction. The court indicated that it did not "believe that the felony murder doctrine requires the State to prove that the defendant contemplated or should have contemplated that his actions would result in death," and that *Lowery* and other relevant cases "clearly indicate that if a person is involved in a forcible felony, and during the course of the commission of that forcible felony he sets in motion a chain of events

which cause the death of an individual, he is responsible for any deaths that flow from his actions."

Defendant claims that the State's instruction failed to require that the death be the "direct and foreseeable consequence" of the initial forcible felony. This omission, defendant maintains, lessened the State's burden of proof and permitted the jury to find defendant guilty of murder even where the death was not a proximate result of his actions. We disagree.

In *Lowery*, 178 Ill. 2d at 469-70, 687 N.E.2d at 977-78, the supreme court definitively held that under the proximate cause theory of felony murder, the test for liability is whether the victim's death was a "direct and foreseeable consequence" of the defendant's forcible felony. In applying that test to find the defendant in that case liable for the murder of an innocent bystander killed by the intended victim of an armed robbery, the court observed that, "when a felon's attempt to commit a forcible felony sets in motion a chain of events which were or should have been within his contemplation when the motion was initiated, he should be held responsible for any death which by direct and almost inevitable sequence results from the initial criminal act." *Lowery*, 178 Ill. 2d at 467, 687 N.E.2d at 976. The court further noted that a defendant does not have to anticipate the precise sequence of events that lead to the homicide. *Lowery*, 178 Ill. 2d at 470, 687 N.E.2d at 978. In *Dekens*, 182 Ill. 2d at 254, 695 N.E.2d at 477-78, the court reaffirmed this principle, explaining that "the focus of the proximate cause theory is on the chain of events set in motion by the defendant."

In determining whether the instruction given in the present case properly communicated this concept to the jury, we find this court's recent decisions in *People v. Martinez,* 342 Ill. App. 3d 849, 795 N.E.2d 870 (2003), and *People v. Burnom,* 338 Ill. App. 3d 495, 790 N.E.2d 14 (2003), to be instructive. In *Martinez*, a defendant convicted of felony murder after his cofelon was killed by the intended victim of the crime appealed contending that the modified versions of IPI Criminal 4th Nos. 5.03A and 7.02 given to the jury at his trial conflicted. *Martinez,* 342 Ill. App. 3d at 857, 795 N.E.2d at 877. IPI Criminal 4th No. 5.03A was modified to include the requirement that "the deceased was killed *as a foreseeable consequence of* the parties committing that unlawful act" (emphasis added) (*Martinez,* 342 Ill. App. 3d at 857 n.1), and the modified version of IPI Criminal 4th No. 7.02 required that "the defendant, *or one for whose conduct he is legally responsible,* performed the acts which ultimately caused the death of [the victim]" (emphasis added) (*Martinez,* 342 Ill. App. 3d at 857 n.2, 795 N.E.2d at 877 n.2). The court disagreed with defendant and found that these instructions, as a whole, fully and fairly covered the law in light of the facts of the

case. *Martinez*, 342 Ill. App. 3d at 858, 795 N.E.2d at 877. In doing so, the court recognized that the modifications to the accountability instruction made clear that the cofelon's death had to be a foreseeable consequence of defendant's or his cofelon's actions in committing the forcible felony. *Martinez*, 342 Ill. App. 3d at 858, 795 N.E.2d at 877.

In *Burnom*, a defendant, also convicted of felony murder for the homicide of his cofelon, appealed his conviction claiming that the trial court erred in responding to a jury question. *Burnom*, 338 Ill. App. 3d at 499, 790 N.E.2d at 18. The jury was given a modified instruction providing that in order to sustain a first-degree murder conviction, it was not necessary for the State to prove intent to kill the decedent, but rather it was sufficient if the jury found that defendant and his associate, during the commission of their forcible felony, " 'were met with resistance which resulted in the deceased *** being killed.' " *Burnom*, 338 Ill. App. 3d at 509, 790 N.E.2d at 26. The jury sent a note asking the court to " '[p]rovide a definition of "resistance," ' " and asking whether it was alright to consider whether the resistance was excessive. *Burnom*, 338 Ill. App. 3d at 509, 790 N.E.2d at 26. The court responded that the jurors should use their everyday understanding of "resistance" and consider whether the resistance was foreseeable. *Burnom*, 338 Ill. App. 3d at 509, 790 N.E.2d at 26. This court found no error in that response. *Burnom*, 338 Ill. App. 3d at 509, 790 N.E.2d at 26. Thus, *Martinez* and *Burnom* illustrate two of the ways in which pattern instructions have been modified to instruct juries on proximate causation in cases where defendants have been charged with the murder of their cofelons.

In the case at bar, we find that the modified version of IPI Criminal 4th No. 7.01 given sufficiently communicated the concept of proximate causation to the jury to enable it to apply the proper law to the facts. Although the phrase "direct and foreseeable consequence" may have been a more precise way of defining the concept of proximate causation, the phrase "sets in motion a chain of events" has also been used by the supreme court in characterizing this concept. The second paragraph of the given instruction, apparently taken from the committee comments to section 9—1 of the Criminal Code of 1961 (Code) (720 ILCS Ann. 5/9—1, Committee Comments—1961, at 15 (Smith-Hurd 2002)), completed the definition of proximate causation by providing examples to delineate when homicides committed by individuals other than the defendant would be considered foreseeable consequences of forcible felonies. Thus, the instruction given was not an incorrect statement of the law. See *Dekens*, 182 Ill. 2d at 254, 695 N.E.2d at 477-78; *Lowery*, 178 Ill. 2d at 467, 687 N.E.2d at 976. In addition, on the facts of the present case, these examples enabled the

jury to properly apply the difficult concept of proximate cause to determine that Thomas' homicide was a foreseeable result of defendant's participation in the attempted armed robbery. We further find the instruction to have been simple, brief, impartial, and free from argument. See 177 Ill. 2d R. 451(a); *Ramey*, 151 Ill. 2d at 536, 603 N.E.2d at 534. Therefore, we cannot say that the circuit court abused its discretion in choosing between the two offered instructions and in giving the State's instruction. Nevertheless, we observe that based on the supreme court's rationale in *Lowery*, the best wording for an instruction on proximate causation in felony murder would include either the phrase "direct and foreseeable consequence" or, alternatively, the phrase "sets into motion a chain of events which were or should have been within his contemplation when his actions were initiated."

■ Defendant next contends that the instruction he offered should have been chosen because it was a correct statement of the law. Specifically, defendant claims that his instruction was correct because it contained the phrase, "direct and foreseeable."

Although defendant's proposed instruction contained that phrase, we find that it imposed too strict a foreseeability requirement. As our discussion above shows, the first part of defendant's instruction accurately stated the law by requiring that the homicide be a direct and foreseeable consequence of defendant's actions. However, the last part of defendant's instruction imposed the additional requirement that "the defendant contemplated or should have contemplated that his actions could result in death."

As the supreme court indicated in *Lowery*, defendant is only required to "set[ ] in motion a chain of events which were or should have been within his contemplation." *Lowery*, 178 Ill. 2d at 467, 687 N.E.2d at 976. Defendant is not required to contemplate that his actions would result specifically in death. *People v. Causey*, 341 Ill. App. 3d 759, 769, 793 N.E.2d 169, 178 (2003). Defendant is also not required to have anticipated the precise sequence of events that followed his forcible felony. *Lowery*, 178 Ill. 2d at 470, 687 N.E.2d at 978; see also *People v. Brackett*, 117 Ill. 2d 170, 180-81, 510 N.E.2d 877, 882 (1987) (defendant did not have to foresee that his victim would die of asphyxiation while being fed in a nursing home following rape and beating). In the present case, it was sufficient for defendant to have contemplated that his actions would meet with resistance and that a struggle would ensue. See *Lowery*, 178 Ill. 2d at 465-66, 687 N.E.2d at 976, quoting *People v. Payne*, 359 Ill. 246, 255, 194 N.E. 539, 543 (1935). Thus, because defendant's proposed instruction imposed the additional requirement that he contemplated or should have contemplated that

his actions would result in death, it constituted an incorrect statement of the law, which should not have been given to the jury.

■ Defendant finally contends that his conviction must be vacated because the shooting of Thomas was legally justified by either Officer Bean's right to defend himself against the use of deadly force or the officer's right as a peace officer to use force in making an arrest. The State responds that defendant is attempting to advance an "agency theory" of felony murder, under which a defendant is not liable for a killing attributable to someone resisting the felony. See *Lowery*, 178 Ill. 2d at 466, 687 N.E.2d at 976.

In *Martinez*, 342 Ill. App. 3d at 855, 795 N.E.2d at 875, this court found an argument virtually identical to defendant's to be meritless. We recognized that our supreme court has implicitly rejected the notion that a third party's legal justification precludes a conviction for felony murder in adhering to the proximate cause theory of liability and in finding felons liable for homicides committed by third parties. *Martinez*, 342 Ill. App. 3d at 854-55, 795 N.E.2d at 874-75, discussing *Dekens*, 182 Ill. 2d at 252, 695 N.E.2d at 474. We ultimately found that the language "without legal justification" contained in the introductory paragraph of section 9—1(a) of the Code (720 ILCS 5/9—1(a) (West 2002)) was not an element of felony murder. *Martinez*, 342 Ill. App. 3d at 857, 795 N.E.2d at 876.

As we indicated above, the focus of the proximate cause theory of liability for felony murder is "whether defendant's actions set in motion a chain of events that ultimately caused the death of decedent." *Lowery*, 178 Ill. 2d at 473, 687 N.E.2d at 979. The focus is not on who committed the actual killing. 720 ILCS Ann. 5/9—1, Committee Comments—1961, at 15 (Smith-Hurd 2002). The public policy and legislative rationale behind this approach is to hold a felon responsible for the foreseeable consequences of his actions, including accidental homicides and homicides committed by third parties, rather than to charge the felon or third party with first-degree murder under section 9—1(a)(1) or 9—1(a)(2) of the Code (720 ILCS 5/9—1(a)(1), (a)(2) (West 2002)). *Lowery*, 178 Ill. 2d at 469, 687 N.E.2d at 977. Our supreme court has also made clear that "[b]ecause of the extremely violent nature of felony murder, we seek the broadest bounds [possible] for the attachment of criminal liability." *People v. Dennis*, 181 Ill. 2d 87, 105, 692 N.E.2d 325, 335 (1998).

We decline to depart from the rationale set forth by our supreme court here. Accordingly, we find that any legal justification Officer Bean had to use deadly force against Thomas was irrelevant to the issue of whether defendant was guilty of felony murder.

We therefore affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINN, J., concurs.

PRESIDING JUSTICE REID, dissenting:
I dissent. "Supreme Court Rule 451(a) (134 Ill. 2d R. 451(a)) requires a trial court to instruct the jury pursuant to the pattern criminal instructions, unless the trial court determines that the pattern instruction does not accurately state the law. [Citation.] Although a trial court should use a pattern instruction if an appropriate one exists, the decision whether to give a nonpattern instruction remains a matter within the sound discretion of the trial court." *People v. Goodman*, 347 Ill. App. 3d 278, 290 (2004), citing *People v. Nutall*, 312 Ill. App. 3d 620, 633 (2000). Therefore, "[t]he standard of review in determining whether a trial court's submission of an appropriate instruction is erroneous is an abuse of discretion." *People v. Hall*, 347 Ill. App. 3d 429, 430 (2004), citing *People v. Garcia*, 188 Ill. 2d 265, 283 (1999). I agree with the majority that the test of whether the trial court has abused its discretion "will depend on whether that instruction was an accurate, simple, brief, impartial, and nonargumentative statement of the law." 354 Ill. App. 3d at 651, citing 177 Ill. 2d R. 451(a), and *Pollock*, 202 Ill. 2d at 211, 780 N.E.2d at 682. It is undisputed that the pattern instructions do not fit this particular factual situation. The dispute between Hudson and the State involves which proffered instruction was appropriate. I say neither was appropriate.

This is a "reverse" felony murder case where a cofelon was killed by a would-be victim. Without judicial precedent, it would seem that the felony murder statute does not apply. "Section 9—1(a)(3) of the Criminal Code of 1961 (Code) provides that '[a] person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death *** he is attempting or committing a forcible felony other than second degree murder.' " *People v. Belk*, 203 Ill. 2d 187, 192 (2003), quoting 720 ILCS 5/9—1(a)(3) (West 1996). "Illinois adheres to a proximate cause approach to felony-murder liability." *People v. Johns*, 345 Ill. App. 3d 237, 242 (2003), citing *People v. Lowery*, 178 Ill. 2d 462 (1997). By that, "a felon is responsible for the direct and foreseeable consequences of his actions." *Belk*, 203 Ill. 2d at 192, citing *Lowery*, 178 Ill. 2d at 470. "The purpose behind the felony-murder statute is to limit the violence that

accompanies the commission of forcible felonies, so that anyone engaged in such violence will be automatically subject to a murder prosecution should someone be killed during the commission of a forcible felony." *Belk*, 203 Ill. 2d at 192, citing *People v. Shaw*, 186 Ill. 2d 301, 322 (1998), citing *People v. Dennis*, 181 Ill. 2d 87, 105 (1998). While mere presence at the scene of an offense is not culpable, proof that the defendant was present during the commission of a crime without opposing or disapproving it, that he maintained a close affiliation with the principal afterwards, and that he failed to report the crime are all factors that may be considered in determining legal accountability. *Belk*, 203 Ill. 2d at 192, citing *People v. Shaw*, 186 Ill. 2d 301, 322 (1998), citing *People v. Dennis*, 181 Ill. 2d 87, 105 (1998). "When a defendant's specific intent to aid a crime is proven, he is accountable for any crime that happens as a consequence of the intended crime." *People v. Jackson*, 333 Ill. App. 3d 962, 967 (2002), citing *People v. O'Reilly*, 250 Ill. App. 3d 622 (1993).

The Illinois Supreme Court explained in *Lowery* that "[i]t is unimportant that defendant did not anticipate the precise sequence of events that followed his robbery attempt. We conclude that defendant's unlawful acts precipitated those events, and he is responsible for the consequences." *Lowery*, 178 Ill. 2d at 470, citing *People v. Chandler*, 129 Ill. 2d 233, 248 (1989), and *People v. Smith*, 56 Ill. 2d 328, 333-34 (1974).

"The function of jury instructions is to convey to the jurors the law that applies to the facts so they can reach a correct conclusion." *People v. Hopp*, 209 Ill. 2d 1, 8 (2004), citing *People v. Fuller*, 205 Ill. 2d 308, 343 (2002). Courts of review have "reversed defendant's conviction because an omitted jury instruction 'removed from the jury's consideration a disputed' issue essential to the determination of defendant's guilt or innocence.' " *Hopp*, 209 Ill. 2d at 8, quoting *People v. Ogunsola*, 87 Ill. 2d 216, 223 (1981).

There is no question that Hudson attached himself to Thomas in terms of them both being culpable for the robbery. Both men entered the barbershop, armed with handguns, intending to commit robbery. Though he did not, and in fact could not have, used his gun, Hudson is accountable for the direct and foreseeable consequences of the crime. However, the instruction given to the jury merely requires that he set in motion the events leading up to the death. The Illinois Supreme Court has upheld a conviction where a shot fired by a police officer while attempting to apprehend a defendant during a burglary struck and killed another officer, where the commission of the burglary and the flight therefrom set in motion the pursuit by the armed police officers. *People v. Hickman*, 59 Ill. 2d 89 (1974). However, *Hickman* also

said that the fatal shot fired in opposition to the escape was a " 'direct and foreseeable consequence of defendants' actions.' " *People v. Davis*, 173 Ill. App. 3d 300, 309 (1988), quoting *Hickman*, 59 Ill. 2d at 94. The *Davis* court explained that "[i]t did not say that death as a direct and foreseeable consequence of the defendants' act was an element of the offense." *Davis*, 173 Ill. App. 3d at 309 ("We do not believe that the factual observation made by the *Hickman* court that the killing in that case was, in fact, 'a direct and foreseeable action' may be raised to the stature of a pronouncement of what is an essential element to be proved"). In fact, the Illinois Supreme Court has historically held that "it was immaterial whether the killing was unintentional or accidental." *Davis*, 173 Ill. App. 3d at 309, citing *Smith*, 56 Ill. 2d at 333-34. This would tend to lend support for the trial court's decision to go with the State's proffered instruction instead of Hudson's. The version Hudson submitted raises the "direct and foreseeable" language to the level of an element of the offense. I believe the trial court was correct when it rejected the Hudson version on that basis. However, the State's version suffers from its own infirmities and, therefore, likewise should not have been used. The State's version failed to incorporate the language "direct and foreseeable consequence." I would be inclined to support a version of the subject instruction reading as follows:

"A person commits the offense of first degree murder when he commits the offense of attempt armed robbery and during the course of the commission of the offense of attempt armed robbery he sets in motion a chain of events which causes the death of an individual *and the death is a direct and foreseeable consequence of the actions.* It is immaterial whether the killing in such a case is intentional or accidental or committed by a confederate without the connivance of the defendant or even by a third person trying to prevent the commission of the felony. To sustain the charge of first degree murder, the State must prove *** that the defendant, or one for whose conduct he is legally responsible, was committing the offense of attempt armed robbery; and, second, that during the course of the commission of the offense of attempt armed robbery, the defendant, or one for whose conduct he is legally responsible, set in motion a chain of events that, as a direct and foreseeable consequence thereof, caused the death of Chrispin Thomas. And, third, that the defendant did not act under compulsion. If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty. If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

660

The majority concludes that even though the tendered instruction was not necessarily the most precise way to define the concept of proximate causation, it was sufficient. I disagree. A defective instruction is a defective instruction. Courts simply cannot overlook jury instruction defects that go to the heart of the case. The constitutional rights to trial by jury and due process of law cannot be ignored. I would reverse and remand this matter for a new trial with a proper "reverse" felony murder rule instruction as suggested above.