NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230089-U

NO. 4-23-0089

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| LAMAR O. COATES, | ) | No. 11CF2761 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed the denial of defendant's motion to amend his 2016 postconviction petition to add a claim based on a 2021 change to the definition of felony murder, holding the trial court properly ruled the new claim was meritless.

¶ 2     In 2013, a jury found defendant guilty of the 2011 first degree murder of Michael Sago (the decedent). He was convicted under section 9-1(a)(3) of the Criminal Code of 1961 (now the Criminal Code of 2012) (720 ILCS 5/9-1(a)(3) (West 2010)), which provided, "A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death," he or she "is attempting or committing a forcible felony other than second degree murder." In other words, defendant was convicted of what is commonly called "felony murder." The State's evidence tended to show defendant and three others—including the decedent—attempted an armed robbery. An off-duty sheriff's deputy fatally shot the decedent.

The trial court sentenced defendant to 40 years' imprisonment. The Second District affirmed the conviction. *People v. Coates*, 2015 IL App (2d) 130762-U.

¶ 3 In 2016, defendant filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). In June 2021, defendant moved to file an "Additional Supplemental Petition for Post-Conviction Relief," in which he sought to have the trial court consider the July 2021 amendment to the felony murder provision of the Criminal Code of 2012 made by Public Act 101-652, § 10-216 (eff. July 1, 2021), which he contended, if applicable in 2011, would have precluded the murder charges against him. Under the amendment, a person commits felony murder if "without lawful justification *** in performing the acts which cause the death," he or she "acting alone or with one or more participants, commits or attempts to commit a forcible felony other than second degree murder, and in the course of or in furtherance of such crime or flight therefrom, *he or she or another participant causes* the death of a person." (Emphasis added.) 720 ILCS 5/9-1(a)(3) (West 2022). Defendant contended, given the amendment, his continued incarceration for murder was fundamentally unfair and thus a denial of due process. The court ruled the claim in the "Additional Supplemental Petition" lacked merit and therefore denied defendant's motion to file the pleading.

¶ 4 Defendant now asserts the trial court was wrong in ruling his claim was meritless. Alternatively, he contends the court committed procedural errors in denying his motion. He therefore asks us to vacate the motion's denial and to remand the cause. We affirm.

¶ 5 I. BACKGROUND

¶ 6 A. The Conviction and the Appeal

¶ 7 In 2011, a grand jury indicted defendant on 33 counts, including the felony murder at issue. In 2013, a jury convicted defendant of the murder and the predicate felonies of attempted

armed robbery, mob action, and conspiracy. The State's evidence tended to show defendant and the decedent, together with Desmond L. Bellmon and Brandon L. Sago, attempted to rob a Rockford, Illinois, pizzeria. In the ensuing disturbance, Frank Pobjecky, an off-duty sheriff's deputy, fatally shot the decedent. The trial court sentenced defendant to 40 years' imprisonment.

¶ 8 Defendant appealed, contending the trial court had erred in instructing the jury about a peace officer's right to use deadly force. *Coates*, 2015 IL App (2d) 130762-U, ¶ 8. He asserted giving the instruction was an abuse of discretion because "Pobjecky's status was not an element of the offense, he was not acting as a police officer at the time, and defendant was unaware that Pobjecky was a police officer." *Id.* The Second District affirmed, holding, "The record fail[ed] to support a conclusion that the instruction was essential to the jury's verdict. *Id.* ¶ 11.

¶ 9 B. The Postconviction Petition and the First Supplemental Petition

¶ 10 Defendant, who was represented by retained counsel, filed his original petition under the Act in October 2016. As initially supplemented in February 2017, the petition alleged defendant had received ineffective assistance of counsel during his trial. He further alleged Illinois's "proximate cause" theory of felony murder was "so broad that it unconstitutionally reduces the State's burden of proof on one of the essential elements of the crime of murder." Finally, it alleged appellate counsel was ineffective for failing to make a reasonable-doubt argument based on the unjustifiability of Pobjecky's shooting of the decedent.

¶ 11 In April 2019, the State moved to dismiss the original and supplemental petitions on several bases, including untimeliness. In August, defendant moved for leave to amend the petition to include an explanation for why the untimeliness was not the result of his culpable negligence. He further sought to add a claim his sentencing hearing was improper because the trial court had considered in aggravation a conviction which, under *People v. Aguilar*, 2013 IL 112116,

and *People v. Burns*, 2015 IL 117387, was void. The court allowed the amendment, but it later deemed the petition untimely. However, the State, citing the interests of judicial economy, asked it to address defendant's claims on their merits.

¶ 12      The trial court chose to consider the claims, and without conducting an evidentiary hearing, it granted defendant's petition to the extent of ordering a new sentencing hearing. The court further set an evidentiary hearing on the remaining claims. The State asked it to reconsider this decision. The court agreed and set all claims for an evidentiary hearing on July 12, 2021.

¶ 13                    C. The "Additional Supplemental Petition"

¶ 14      On June 24, 2021, defendant filed his "Additional Supplemental Petition for Post-Conviction Relief." He asked the trial court to consider, under the first degree murder statutory amendments to become effective July 1, 2021, no one could be convicted under a felony murder theory unless the person or a cofelon directly caused a death. He conceded the amendment to the first degree murder statute was not, by its plain language, retroactive, but he argued it was contrary to fundamental fairness to allow his murder conviction to stand when his conduct would no longer be punishable as murder in Illinois. He also contended he was similarly situated to individuals who would henceforth avoid murder prosecutions for the death of cofelons.

¶ 15      The State opposed defendant's motion to file the new claim. It noted, under section 122-5 of the Act (725 ILCS 5/122-5 (West 2020)), the trial court should decide whether to allow the new claim, as it would consider an amendment to a civil pleading. It contended the new claim was not an appropriate amendment. It further contended the new claim was patently without merit.

¶ 16      The trial court addressed defendant's motion at a December 2021 hearing. It stated the parties agreed: (1) had the statutory amendment applied on the date of the offense, defendant could not have been convicted of felony murder and (2) the legislature had not made the

amendment retroactive. The court found, "[D]efendant has not established that his conviction violates due process or equal protection concerns and, therefore, I do not find that the additional supplemental petition for post-conviction relief has any legal merit." Consequently, it denied the motion for leave to file the "Additional Supplemental Petition."

¶ 17　　　　The trial court granted defendant's petition as to his claim *Aguilar* and *Burns* required he receive a new sentencing hearing, but it denied his remaining claims. On resentencing, it reduced defendant's sentence to 39 years' imprisonment. Defendant filed a motion for reconsideration of the sentence, which the court denied.

¶ 18　　　　This appeal followed.

¶ 19　　　　　　　　　　　　　　　II. ANALYSIS

¶ 20　　　　On appeal, defendant argues, because his "Additional Supplemental Petition for Post-Conviction Relief" stated a "viable [claim of a] due process violation based on fundamental fairness," the trial court erred in denying defendant leave to file his pleading. He contends an imprisonment based on behavior no longer considered criminal under Illinois law violates principles of fundamental fairness and is thus a violation of his substantive due process rights. He also implies the disparity between his treatment and the treatment of those otherwise similarly situated but for the passage of the amendment violates his right to equal protection.

¶ 21　　　　Alternatively, he argues the trial court should have followed the rules set out in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2016)), which relates to the filing of successive postconviction petitions. Those rules would bar the State from addressing whether the trial court should allow defendant to file his "Additional Supplemental Petition." Under our supreme court's holding in *People v Bailey*, 2017 IL 121450, on which defendant relies, the State

may not participate in the initial decision by the court regarding whether to allow a defendant to file a *successive* petition.

¶ 22 We reject both defendant's arguments. First, to avoid further ambiguity, we explain why defendant's "Additional Supplemental Petition" was a proposed amendment to the initial petition and governed by the standard civil rules for amending pleadings. Next, we address why the amendment lacked merit. We deem defendant's authorities fail to support his claim. Moreover, although he implies the existence of an equal protection claim, he has failed to develop it.

¶ 23 First, defendant's "Additional Supplemental Petition" was an amendment to his original petition. As its title makes clear, it was intended to *supplement* the petition he had already filed. The introduction to the "Additional Supplemental Petition" states: "The petitioner [hereby] seeks to supplement his previously filed petitions with the allegations and analysis offered herein. In so doing, he does not abandon any of the contentions or arguments made in his previously filed petition." In other words, defendant's "Additional Supplemental Petition" incorporates the previous filings by reference. It is therefore not a new petition.

¶ 24 Because the "Additional Supplemental Petition" was an amendment, the trial court did not err in allowing the State to respond to defendant's motion to file it. Section 122-5 of the Act (725 ILCS 5/122-5 (West 2016)) provides: "The court may in its discretion make such order as to amendment of the petition *** as shall be appropriate, just and reasonable and as is generally provided in civil cases." Consistent with civil practice, this provision places no restriction on the State's ability to respond to proposed amendments.

¶ 25 Second, defendant argues his amended petition states a claim for a due process violation. However, the two cases on which he relies, *People v. Stapinski*, 2015 IL 118278, and *People v. Madrigal*, 241 Ill. 2d 463 (2011), fail to support his claim.

¶ 26        In *Stapinski*, the supreme court explained when an unfair action by the State constitutes a violation of the right to substantive due process:

> "[W]e [have] held that due process is implicated whenever the State engages in conduct towards its citizens deemed oppressive, arbitrary or unreasonable. [Citation.] Further, since the essence of due process is fundamental fairness, due process essentially requires fairness, integrity, and honor in the operation of the criminal justice system, and in its treatment of the citizen's cardinal constitutional protections. *** [Citation.] To violate substantive due process, the government's conduct must shock[ ] the conscience and violate the decencies of civilized conduct. [Citation.]" (Internal quotation marks omitted.) *Stapinski*, 2015 IL 118278, ¶ 51.

The *Madrigal* court explained: "This court has repeatedly held that a statute violates the due process clauses of both the Illinois and United States Constitutions if it potentially subjects wholly innocent conduct to criminal penalty without requiring a culpable mental state beyond mere knowledge." *Madrigal*, 241 Ill. 2d at 467.

¶ 27        Neither case addresses our former felony murder rule. *Madrigal* is inapposite because the felony murder rule does not punish innocent conduct. "The offense of felony murder is unique in that, in order to commit felony murder, the defendant need not have had the intent to kill; rather, the defendant *must have had the intent to commit the predicate forcible felony*." (Emphasis added.) *People v. Colbert*, 2013 IL App (1st) 112935, ¶ 12. *Stapinski* provides insufficient support for defendant's claims because it does not explain why the former felony murder provision, applied to the circumstances here, "shock[s] the conscience and violate[s] the decencies of civilized conduct." (Internal quotation marks omitted.) *Stapinski*, 2015 IL 118278, ¶ 51.

¶ 28 To be sure, the felony murder doctrine has always been controversial, particularly when it has been applied to cofelon deaths caused by victims or third parties. For example, the dissent of Justice Bilandic in *People v. Dekens*, 182 Ill. 2d 247, 255-56 (1998) (Bilandic, J., dissenting) described such an application of the doctrine "absurd and unfair":

"I would hold that the felony-murder doctrine does not apply to render a surviving felon guilty of murder where a cofelon is killed by a nonparticipant in the felony.

As codified in Illinois, the felony-murder doctrine permits a defendant to be convicted of first degree murder if, 'in performing the acts which cause the death *** he is attempting or committing a forcible felony.' [Citation.] Under this doctrine, the defendant need not have intended, nor even contemplated, causing anyone's death. Rather, the defendant's culpability for murder rests solely on his commission or attempt of one of a list of felonies. Accordingly, the ramifications of the felony-murder doctrine are harsh *** . ***

The justification for the felony-murder rule is that forcible felonies are so 'inherently dangerous' that a death occurring in the course thereof is strongly probable. [Citation.] Obviously, the 'inherent danger' referred to here is the danger to the victims of the felonies, or to bystanders or intervenors. It certainly was not the potential danger to the *participants* in the forcible felony which prompted the legislature to codify this form of murder. As this court stated recently ***, the felony-murder rule reflects the legislature's concern for 'protecting the general populace.' [Citation.] *** Extending the doctrine to render a defendant guilty of first degree murder when his cofelon is killed by the intended victim of the

- 8 -

attempted felony so dilutes the justification for the felony-murder doctrine as to make it absurd and unfair." (Emphasis in original.)

¶ 29 However, despite such objections, Illinois courts have upheld the application of the felony murder doctrine to cases in which a cofelon is killed by a victim or third party. The majority in *Dekens* concluded the language of the felony murder provision required this result. It held the legislature had adopted the "proximate cause theory" of felony murder and "denying liability when the decedent is a cofelon would conflict with the legislature's adoption of [this] theory." *Id.* at 254.

"Under [the 'proximate cause' theory of felony murder], liability attaches 'for any death proximately resulting from the unlawful activity—notwithstanding the fact that the killing was by one resisting the crime.' [Citation.] The other principal theory of liability under the felony-murder doctrine is the agency theory, which is followed by a majority of jurisdictions. Under the agency theory, ' "the doctrine of felony murder does not extend to a killing, although growing out of the commission of the felony, if directly attributable to the act of one other than the defendant or those associated with him in the unlawful enterprise." [Citations.]' [Citation.] There is no liability under the agency theory when the homicide is committed by a person resisting the felony. ***

* * *

*** [W]e believe that our case law compels application of the felony-murder doctrine to the circumstances of this case. *** Illinois follows the proximate cause theory of felony murder, as opposed to the agency theory. Consistent with the proximate cause theory, liability should lie for any death proximately related to the defendant's criminal conduct." *Id.* at 249-52.

In other words, the *Dekens* majority held any unfairness in the application of the felony murder doctrine to the deaths of cofelons at the hands of victims or third parties was a problem for the legislature, not the courts. *Dekens* remains binding precedent as to the interpretation of the former felony murder law. Thus, defendant's conviction was consistent with the law applicable in 2011.

¶ 30 Defendant has not explained how the legislature's amendment of the felony murder provision changes anything. To be sure, the amended provision effectively makes the *Dekens* dissent the law. The legislature did not, however, provide for expunging or otherwise nullifying murder convictions relying on the former provision.

¶ 31 Finally, defendant implies he has an equal protection claim. Specifically, he suggests he is similarly situated to felons who have avoided murder convictions due to the change in the felony murder provision. See, *e.g.*, *Caulkins v. Pritzker*, 2023 IL 129453, ¶ 46 ("The equal protection clause guarantees that similarly situated individuals will be treated in a similar manner, unless the government can demonstrate an appropriate reason to treat those individuals differently."). However, he entirely fails to develop such a claim. As such, he has forfeited it. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant's brief to include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." It further provides, "Points not argued [in the appellant's brief] are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."

¶ 32                                  III. CONCLUSION

¶ 33 For the reasons stated, we affirm the trial court's denial of defendant's motion to amend his postconviction petition.

¶ 34 Affirmed.